Daniel HATFIELD, Patricia Hatfield and Courtney Marie Hatfield, Appellants–Plaintiffs,

v.

EDWARD J. DeBARTOLO CORPORATION d/b/a University Park Mall, Appellee–Defendant.

No. 20A04–9607–CV–287.

Court of Appeals of Indiana.

Feb. 21, 1997.

Rehearing Denied April 22, 1997.

---

Gregory D. Toth, Heppenheimer, Korpal & Toth, South Bend, for Appellants–Plaintiffs.

Philip E. Kalamaros, Edward N. Kalamaros & Associates, South Bend, for Appellee–Defendant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiffs–Appellants Daniel, Patricia and Courtney Marie Hatfield (hereinafter "Hatfield") appeal from the denial of their motion for relief from judgment following the trial court's involuntary dismissal of their complaint filed against Defendant–Appellee Edward J. DeBartolo Corporation d/b/a University Park Mall (hereinafter "DeBartolo").

We affirm.

### ISSUES

We rephrase the issues raised by Hatfield as follows:

1. Whether the trial court abused its discretion in dismissing Hatfield's complaint with prejudice as a discovery sanction.

2. Whether the trial court erred by imposing the strict sanction of dismissal without first conducting a hearing.

We will first address DeBartolo's pending motion to strike Hatfield's brief and DeBartolo's procedural arguments with regard to whether this appeal was properly raised.

### FACTS AND PROCEDURAL HISTORY

Hatfield's complaint arises from an incident that occurred at the University Park Mall in Mishawaka, Indiana. On December 20, 1988, an altercation took place between a patron of the mall and Hatfield. During the altercation, Daniel Hatfield was shot. As a result, he sustained serious and permanent physical injuries and other trauma.

On September 21, 1990, Hatfield filed suit against DeBartolo alleging that DeBartolo failed to provide reasonable protection to Hatfield while he was a patron at the mall. During the discovery process, Hatfield failed to appear at two properly noticed depositions. Due to Hatfield's failure to comply with discovery, DeBartolo filed a motion to dismiss Hatfield's complaint on September 13, 1995. On September 26, 1995, Hatfield was notified that he had 14 days in which to respond to DeBartolo's motion to dismiss. Hatfield had not yet responded by October 27, 1995, and the trial court granted DeBartolo's motion. Hatfield's complaint was dismissed with prejudice pursuant to Ind.Trial Rule 37.

On November 3, 1995, Hatfield filed a motion for relief from judgment alleging that he did not receive notice of DeBartolo's motion to dismiss. Finally, on January 9, 1996, Hatfield filed an untimely response to DeBartolo's motion to dismiss, but failed to serve the response on DeBartolo. On January 23, 1996, the trial court held a hearing on Hatfield's motion for relief from judgment. At the hearing, Hatfield served his previously filed response on DeBartolo. DeBartolo objected and moved to strike the untimely response, which the trial court granted. On February 13, 1996, the trial court denied Hatfield's motion for relief from judgment.

On March 14, 1996, Hatfield filed a motion to correct error. This motion did not address the notice issue raised in his previously filed motion for relief from judgment, but rather, addressed the issues relevant to the involuntary dismissal pursuant to T.R. 37. DeBartolo strenuously objected to the content of the motion. Ultimately, the motion was denied by the trial court on March 20, 1996. On April 18, 1996, Hatfield filed his timely praecipe. The record of proceedings and Appellant's Brief were thereafter timely filed.

### DISCUSSION AND DECISION

Appellate Jurisdiction and Preservation of Issues for Appeal

First, DeBartolo contends that the issues raised in this appeal have not been properly preserved. He submits that the Appellant's Brief should be stricken, and/or this appeal should be dismissed due to a jurisdictional defect. He further argues that the issues raised in Hatfield's motion to correct error were not properly preserved. After careful consideration of his arguments, the Indiana Rules of Trial Procedure and the Appellate Rules, we deny DeBartolo's requests.

First, DeBartolo argues that this court lacks jurisdiction to hear this appeal. To be sure, Ind.Appellate Rule 2(A) requires that every party seeking an appeal must first file a praecipe within thirty days of the entry of final judgment. When a party opts to file a motion to correct error, the praecipe must be filed within thirty days from either the date the trial court rules on the motion to correct error or the date the motion is deemed denied. App.R. 2(A); T.R. 53.3; *Roscoe v. Roscoe,* 673 N.E.2d 820, 821 (Ind. Ct.App.1996). The timely filing of a praecipe is a jurisdictional prerequisite, and failure to conform with the applicable time limits results in forfeiture of the appeal. *See Claywell v. Review Bd. of the Indiana Dept. of Employment and Training Serv.,* 643 N.E.2d 330 (Ind.1994).

Although Hatfield did not file his praecipe until April 18, 1996, this was within thirty days from the denial of his motion to correct error. Furthermore, his motion to correct error was timely filed following the denial of his motion for relief from judgment pursuant to T.R. 60(B). In *Siebert Oxidermo, Inc. v. Shields,* 446 N.E.2d 332 (Ind. 1983), the supreme court addressed the procedure for challenging an entry of default judgment. Specifically, the court held that

the proper procedure in the Indiana Rules of Trial Procedure for setting aside an entry of default or grant of default judgment thereon is to first file a Rule 60(B) motion to have the default or default judgment set aside. Upon ruling on that motion by the trial court the aggrieved party may then file a Rule 59 Motion to Correct Error alleging error in the trial court's ruling on the previously filed Rule 60(B) motion. Appeal may then be taken from the court's ruling on the Motion to Correct Error.

*Id.* at 337. The procedural facts of *Oxidermo* are not that dissimilar from the facts before us. Shields filed a complaint against Oxidermo, to which Oxidermo failed to respond, and a default judgment was entered against Oxidermo. Oxidermo filed a motion to set aside pursuant to T.R. 60(B) alleging excusable neglect due to an insurance carrier mishap. The trial court denied Oxidermo's

motion to set aside. Oxidermo persisted in filing two additional T.R. 60(B) motions, which were also denied. All the while, Oxidermo was also filing motions to correct error to correspond to each of its Rule 60 denials. Upon the denial of its first and second T.R. 59 motions, Oxidermo filed its praecipe. The record followed within the ninety day time limit. The supreme court concluded that there was no lack of appellate jurisdiction. *Id.* at 339.

In the case before us, Hatfield followed the procedure sanctioned by *Oxidermo.* He first filed a T.R. 60(B) motion seeking relief from the dismissal arguing that he did not receive proper notice of DeBartolo's motion to dismiss. Upon the denial of his motion for relief from judgment, Hatfield timely filed a motion to correct error. *See Dixon v. State,* 566 N.E.2d 594, 596 (Ind.Ct.App.1991), *trans. denied* (held that if an appellant files a motion to correct error that is not mandatory under the rules, the motion must be filed within thirty days after the judgment in order to preserve the appellant's right to an appeal of all issues). Because Hatfield did not seek to address newly discovered evidence or an excessive or inadequate jury verdict, his motion to correct error was not mandatory. T.R. 59(A). Hatfield's motion was filed within 30 days of the trial court's denial of his motion for relief from judgment, and hence was timely.

In a similar procedural vein, DeBartolo argues that the merits regarding the trial court's imposition of the T.R. 37 sanction could not be properly addressed for the first time in Hatfield's motion to correct error. We disagree. Under the appellate rules, a party filing a motion to correct error need not raise every issue in the motion that will be raised on appeal. *Dixon,* 566 N.E.2d at 595. Only those issues making the motion mandatory need to be specifically raised in order to be preserved for appeal. Having decided that the appeal itself and all issues are properly before us, we move on to address the merits.

### I. Trial Rule 37 Sanction of Dismissal

Hatfield contends that the trial court abused its discretion by dismissing his

complaint with prejudice as a discovery sanction. The trial court is vested with broad discretion in ruling on the issues of discovery, and this court will interfere only when an abuse of discretion is apparent. *Marshall v. Woodruff*, 631 N.E.2d 3, 5 (Ind.Ct.App.1994), *reh'g denied.* We will find an abuse of discretion only when the result reached by the trial court is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions flowing therefrom. *Fulton v. Van Slyke*, 447 N.E.2d 628, 636 (Ind.Ct. App.1983).

The rules of discovery are designed to allow a liberal discovery process, the purposes of which are to provide parties with information essential to litigation of the issues, to eliminate surprise, and to promote settlement. *Rivers v. Methodist Hospitals, Inc.*, 654 N.E.2d 811, 813 (Ind.Ct.App.1995) (citing *Canfield v. Sandock*, 563 N.E.2d 526, 528 (Ind.1990), *reh'g denied* ). Discovery is designed to be self-executing with little, if any, supervision or assistance by the trial court. *Id.* However, when the goals of this system break down, T.R. 37 provides the court with tools to enforce compliance. *Pitts v. Johnson County Dept. of Pub. Welfare*, 491 N.E.2d 1013, 1014 (Ind.Ct.App.1986).

T.R. 37(B) provides trial courts with sanctions they may impose for failure to comply with discovery orders. *Marshall*, 631 N.E.2d at 5; *Nesses v. Specialty Connectors Co., Inc.*, 564 N.E.2d 322, 326 (Ind.Ct.App. 1990). T.R. 37(D) covers a litigant's failure to attend his own deposition, to serve answers to interrogatories or respond to requests for inspection. In pertinent part, it provides as follows:

> If a party ... fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (a), (b), and (c) of subdivision (B)(2) of this rule.

T.R. 37(B)(2)(c) permits the trial court to dismiss the action or render a judgment by default against the disobedient party. The choice of sanction is a matter within the discretion of the trial court. *Pitts*, 491 N.E.2d at 1014. Whether to impose the sanction of dismissal for refusal to comply with discovery orders is a matter for the trial court's discretion. *Wozniak v. Northern Indiana Pub. Serv. Co.*, 620 N.E.2d 33, 35 (Ind.Ct.App.1993), *reh'g denied, trans. denied; Drew v. Quantum Sys., Inc.*, 661 N.E.2d 594, 595 (Ind.Ct.App.1996), *reh'g denied, trans. denied.* Furthermore, the trial court is not required to impose lesser sanctions prior to applying the ultimate sanction of dismissal or judgment by default. *Id.*

Our review of the chronological case summary and record before us reveals a prolonged and troubled discovery process. Several motions to compel have been filed by both Hatfield and DeBartolo, and the case has been set for trial on three separate occasions. The particular sequence of events which led DeBartolo to file his motion to dismiss pursuant to T.R. 37 concerns Hatfield's failure to appear at two properly noticed depositions. The first deposition of Daniel and Patricia Hatfield was scheduled to take place on August 23, 1995, in the offices of Hatfield's attorney. When DeBartolo's attorney arrived for the depositions, Hatfield's attorney informed him that the plaintiffs would not be available because he had failed to read the date on the notice of deposition. Hatfield's attorney offered an alternate date, which was not acceptable to DeBartolo's attorney due to a previously scheduled deposition and mediation. The court was duly advised of the conflict, and on August 29, 1995, the depositions of the plaintiffs were properly noticed for September 6, 1995.

In the interim, on September 1, 1995, DeBartolo received three notices of depositions from Hatfield's counsel to take place on September 6, 1995. DeBartolo was unable to secure the three witnesses for deposition, and notified Hatfield's attorney of this fact by facsimile the morning of September 5, 1995.[1] That same day, DeBartolo received a

---

1. We note that September 1, 1995, was a Friday, and Monday, September 4, 1995, was a holiday.

facsimile transmission from Hatfield's attorney advising that the Hatfields would not be available to attend the scheduled deposition for the following day. Hatfield's attorney further stated that the parties had agreed to take the depositions of all of these witnesses on the same day. DeBartolo avers in its motion to dismiss that there was no such agreement between the parties, and that Hatfield's attorney was aware of the fact that DeBartolo was attempting to secure the witnesses, but had not met with success.

On September 13, 1995, DeBartolo filed its motion to dismiss Hatfield's complaint pursuant to T.R. 37(D). Hatfield was given 14 days to respond to DeBartolo's motion to dismiss. Upon Hatfield's failure to respond, the trial court granted DeBartolo's motion finding that the motion was proper on its face.

Trial Rule 37(D) specifically grants the trial court the authority to sanction a party by dismissal where that party has failed to appear for his deposition after being properly served with notice. T.R. 37(D); *Wozniak,* 620 N.E.2d at 35. On two separate occasions, Hatfield engaged in the precise conduct contemplated in T.R. 37(D). After review of the record, we cannot say that the trial court's decision to dismiss Hatfield's complaint as a discovery sanction is clearly against the logic and effect of the facts and circumstances. Therefore, we find no abuse of discretion.

## II. Hearing

■ Hatfield contends that the trial court abused its discretion by granting DeBartolo's motion to dismiss pursuant to T.R. 37(D) without first affording Hatfield with an opportunity to be heard. Hatfield relies upon cases involving T.R. 55 and T.R. 41, and the notice and hearing requirements applicable to those rules. For example, in *Rumfelt v. Himes,* 438 N.E.2d 980 (Ind.1982), the plaintiffs case was dismissed pursuant to T.R. 41(E) without a hearing. On transfer, the supreme court rejected the argument that the trial court could ignore T.R. 41(E)'s specific language requiring a hearing because of

the language in T.R. 73 which permits courts to rule on motions without an oral hearing in order to expedite court business. *Id.* at 983–84. This case does not apply to Hatfield because T.R. 41(E) specifically requires a hearing. Certainly, in such case the more specific trial rule would control over the more general statement in T.R. 73. However, in the case before us, T.R. 37(B) is silent as to any requirement for a hearing.

Similarly, in *J.C. Marlow Milking Mach. Co. v. Reichert,* 464 N.E.2d 364 (Ind.Ct.App. 1984), *reh'g denied, trans. denied,* the appellant argued that the trial court erred in entering a default judgment as a discovery sanction without first holding a hearing. The court followed the supreme court decision in *Rumfelt,* 438 N.E.2d 980, and held that when using the drastic remedy of default as a discovery sanction under T.R. 37(B), the trial court must follow the provisions of T.R. 55 regarding procedures for issuing default judgments. *J.C. Marlow,* 464 N.E.2d at 366. Specifically, the court held that T.R. 55 is the more specific rule governing default judgments, whereas T.R. 37 merely sets forth a list of sanctions without comment on the necessity for a hearing. *Id.* at 366. The case was remanded for a hearing pursuant to *Rumfelt. Id.*

Hatfield's case was not defaulted pursuant to T.R. 55, nor was it dismissed pursuant to T.R. 41. Rather, it was dismissed as a discovery sanction pursuant to T.R. 37(B). In *Sanders v. Carson,* 645 N.E.2d 1141 (Ind.Ct. App.1995), the trial court dismissed the plaintiff's case with prejudice pursuant to T.R. 41(B) following his failure to appear for trial. On appeal, plaintiff argued that he was denied notice and an opportunity to be heard. He relied on cases relating to T.R. 55(B) and default judgments. We held that "[b]ecause Sanders' complaint was an involuntary dismissal, and not a default judgment, those notice requirements do not apply." *Id.* at 1143.

Because Hatfield's dismissal was an involuntary dismissal pursuant to T.R. 37(B), the

Hence, DeBartolo responded to Hatfield's notices for deposition promptly on the first business day following receipt of the notices.

trial court was not required to follow the notice requirements applicable to default judgments. Furthermore, *Rumfelt* and its holding regarding T.R. 41(E) is not applicable because T.R. 41(E) clearly requires a hearing on a motion to dismiss. We therefore find that the trial court was well within the bounds of permissible conduct when it expedited the business of the court by granting DeBartolo's motion to dismiss without an oral hearing. *See* T.R. 73. This is especially just in light of Hatfield's complete failure to respond to DeBartolo's motion.

When a petition for sanctions is filed, the court must ordinarily conduct a hearing thereon to determine whether one of the enumerated reasons for not imposing sanctions exists. *South v. White River Farm Bureau Co-op.*, 639 N.E.2d 671, 674 (Ind.Ct. App.1994), *trans. denied.* Here, Hatfield was given an opportunity to respond to De-Bartolo's motion to dismiss by notice of the court dated September 26, 1995. Hatfield did not avail himself of that opportunity. In fact, he did not file a response to DeBartolo's motion to dismiss until January 8, 1996. De-Bartolo was not served with this response until January 23, 1996, at the hearing on Hatfield's motion for relief from judgment. As we previously stated, Hatfield's response was stricken as untimely and not considered by the trial court. Under the circumstances before us, we do not feel that Hatfield was unjustly deprived of an opportunity to be heard. The trial court did not err in dismissing Hatfield's complaint pursuant to T.R. 37(D) without first conducting a hearing.

### CONCLUSION

Based on the foregoing, the trial court did not abuse its discretion in dismissing Hatfield's complaint as a discovery sanction. The trial court is affirmed in all respects.

Affirmed.

BARTEAU, J., concurs.

CHEZEM, J., concurs in result.