**John WALKER, Appellant–Plaintiff,**

v.

**Edward McCREA, Individually and d/b/a McCrea & McCrea, and Rose & Walker Dry Wall & Insulation, et al., Appellees–Defendants.**

No. 53A04–9905–CV–238.

Court of Appeals of Indiana.

March 29, 2000.

Michael K. Ausbrook, Bloomington, Indiana, Attorney for Appellant.

Harold A. Harrell, Angela F. Parker, Andrews Harrell Mann Chapman & Coyne, P.C., Bloomington, Indiana, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge

Plaintiff John Walker appeals an order requiring him to pay $1944 in attorney fees to defendants David Rose, Rose & Walker Dry Wall & Insulation, Rose and Walker Siding, Rose and Walker, Inc., Rose and Walker Partnership, Rose and Walker Siding Specialties (hereinafter collectively referred to as Rose and Rose & Walker). The following restated issue is presented in this appeal:

> Did the trial court abuse its discretion in awarding attorney fees pursuant to Ind. Trial Rule 37 to Rose and Rose & Walker after it denied Walker's motion to

compel discovery because Walker failed to comply with Ind. Trial Rule 26(F)?

We affirm.

Walker filed suit in 1994 against Rose and Rose & Walker and others. On June 3, 1998, Walker filed a motion to compel discovery or for other appropriate sanctions against Rose and Rose & Walker, which the trial court denied. Rose and Rose & Walker thereafter filed a motion for attorney fees incurred in defending against Walker's motion to compel discovery. After conducting a hearing on the issue of attorney fees, the trial court entered an order granting Rose and Rose & Walker's motion for attorney fees pursuant to T.R. 37, which provides for an award of expenses incurred in prosecuting or defending against a motion to compel discovery. Walker thereafter filed a motion to correct errors, alleging that the trial court abused its discretion in awarding Rose and Rose & Walker $1944 in attorney fees. The trial court denied the motion to correct errors.

 The trial court is vested with broad discretion when ruling on discovery matters, and this court will not interfere with the trial court's exercise of discretion in this regard absent an abuse of discretion. *Hatfield v. Edward J. DeBartolo Corp.*, 676 N.E.2d 395 (Ind.Ct.App.1997), *trans. denied.* We will find an abuse of discretion only when the result reached by the trial court is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions flowing therefrom. *Id.*

T.R. 37 provides that a party may apply to the court, via a motion, for an order compelling discovery. T.R. 26(F) requires a party to make a reasonable effort to reach agreement with the opposing party regarding any motion or request to compel discovery pursuant to T.R. 37 prior to filing a motion or request to compel discovery. T.R. 26(F) provides:

(F) Informal Resolution of Discovery Disputes. Before any party files any motion or request to compel discovery pursuant to Rule 37, or any motion for protection from discovery pursuant to Rule 26(C), or any other discovery motion which seeks to enforce, modify, or limit discovery, that party shall:

(1) Make a reasonable effort to reach agreement with the opposing party concerning the matter which is the subject of the motion or request; and

(2) Include in the motion or request a statement showing that the attorney making the motion or request has made a reasonable effort to reach agreement with the opposing attorney(s) concerning the matter(s) set forth in the motion or request. This statement shall recite, in addition, the date, time and place of this effort to reach agreement, whether in person or by phone, and the names of all parties and attorneys participating therein. If an attorney for any party advises the court in writing that an opposing attorney has refused or delayed meeting and discussing the issues covered in this subsection (F), the court may take such action as is appropriate.

The court may deny a discovery motion filed by a party who has failed to comply with the requirements of this subsection.

As noted above, T.R. 37 provides for an award of expenses related to a motion to compel. T.R. 37(A)(4) states:

(4) Award of expenses of motion. If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified

or that other circumstances make an award of expenses unjust.

If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

In support of his motion to compel discovery or for other appropriate sanctions against Rose and Rose & Walker, Walker alleged in pertinent part:

1. Discovery was propounded on the Defendants in February 1996.
2. In a March 1996 pretrial conference, counsel for defendants asked for a lead time of at least six (6) months to comply with the discovery requests.
3. Numerous telephone calls and inquiries have been made since March 1996 and on two occasions, counsel for Plaintiff made arrangements with an expert witness for Walker to conduct on site discovery.
4. Discovery has been refused to the Plaintiff.
5. Counsel cannot proceed or properly represent the Plaintiff herein without the information sought through discovery. The information sought is relevant to the instant action and will lead to further discoverable materials from the other defendants named herein.
6. The Petitioner [sic] should be ordered to comply with discovery and sanctioned for failing to respond to Discovery.

*Record* at 22–23.

In their response, Rose and Rose & Walker stated in pertinent part:

1. In a hearing on a Motion for Summary Judgment, not involving the movants herein, on May 21, 1998, counsel for the Plaintiff alleged that the movants herein had been denied access to documents and records requested by Plaintiff through discovery.
2. On or about February 27, 1997, counsel for the movants sent correspondence to counsel for the Plaintiff with regard to Plaintiff's discovery requests. A true and accurate copy of that letter is attached hereto and incorporated herein and marked as Exhibit "A".
3. Counsel for Plaintiff and Robert Royer, who has been retained by Plaintiff, met at the offices of Andrews, Harrell, Mann, Chapman & Coyne and reviewed and received documents and responses relative to Plaintiff's request for discovery on July 23, 1997, and July 24, 1997.
4. Further, counsel for the movants herein stated to Plaintiff's counsel and Mr. Royer that if any additional documents as responsive to Plaintiff's request, and not subject to the objections made were needed, request could be made to movant's [sic] counsel. Counsel for the movants herein did not receive any further communication, correspondence, and/or notice from counsel for Plaintiff with regard to any further requested discovery documents and heard nothing further from Plaintiff regarding this matter until May 21, 1998.
5. On July 28, 1997, the counsel for movants herein filed a notice to Court of service of response to request for production of documents, which filing is of record in this matter.
6. Since the matter was asserted by Plaintiff's counsel on May 21, 1998, counsel for movants herein have re-

ceived no additional requests for information from movants. Plaintiff instead proceeded to file a Motion to Compel.

7. The allegations made by Plaintiff's counsel with regard to the discovery in this matter is [sic] without foundation, improperly characterizes the discovery procedure and erroneously alleges that the movants herein have failed to respond to discovery requests. The movants herein further deny that "numerous telephone calls and inquiries have been made" by Plaintiff's counsel regarding discovery. In fact, the movants and their counsel have heard nothing from Plaintiff's counsel and have received no correspondence from Plaintiff's counsel since July, 1997. Further, Plaintiff's counsel appeared at the Rose & Walker offices in July, 1997 on one occasion. Then Plaintiff's counsel and Robert Royer scheduled and *met* with counsel for the movants regarding discovery on July 27, 1997, nearly one (1) year ago.

8. The action brought by Plaintiff herein was filed on November 23, 1994. The Plaintiff filed no motion with this Court to properly bring the matters of discovery to judicial attention pursuant to the Indiana Rules of Procedure until June 3, 1998. The movants herein assert that there is no basis for such action and further that Plaintiff has failed to prosecute his action, including raising matters of discovery.

9. The movants herein have and will continue to incur attorney fees based on Plaintiff's groundless allegations regarding discovery matters and its defense thereof.

10. The movants herein respectfully request that a hearing be set on this matter so that all disputes with regard to discovery may be properly raised and disposed of by this Court, and that this matter may be moved forward on the Court's docket.

WHEREFORE, the movants herein respectfully request that a hearing be set in this matter and that all parties be ordered to raise any and all issues relating to discovery in this cause, and that the Court award attorney fees as deemed appropriate under Trial Rule 37, and for all other relief deemed proper in the premises.

*Record* at 24–26 (emphasis in original).

The trial court entered an order on August 7, 1998 denying Walker's motion to compel discovery. Rose and Rose & Walker thereafter filed a motion for attorney fees. The trial court held a hearing on such motion on October 8, 1998. On December 9, 1998, the trial court entered an order that stated in pertinent part:

On August 7, 1998, this court denied the Plaintiff's Request to Compel Discovery. . . .

On August 20, 1998 Defendants Rose and Rose & Walker filed their Motion for Attorney's Fees and Request for Hearing. . . . This court held a hearing on the Motion for Attorney's Fees on October 8, 1998; an Attorney Fee Affidavit was submitted as Defendant's Exhibit 1.

\* \* \*

*Conclusions*

A. Motion for Attorney's Fees

This court grants the Defendants Rose and Rose & Walker's Motion for Attorney's Fees. Pursuant to Indiana Trial Rule 37 if a court denies a Motion for Order Compelling Discovery, "the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." Ind. T.R. 37(A)(4).

On August 7, 1998 this court denied the Plaintiff's Request to Compel Discovery because Walker failed to specifi-

cally list attempts at informal resolution of the discovery dispute since serving Defendants Rose and Rose & Walker with his February 1997 discovery request. "Numerous phone calls and inquiries have been made since March 1996 and on two occasions, counsel for Plaintiff made arrangements with an expert witness for Walker to conduct on[-]site discovery" (Pl.'s Mot. to Compel Discovery, # 3.) failed to include the date, time, and place of the effort, whether by person or phone, and the names of all parties and attorneys participating in the effort as required under Indiana Trial Rule 26(F). Walker's statement was especially inadequate in light of Defendants Rose and Rose & Walker's Response to Motion to Compel which denied that Walker's counsel made numerous telephone calls and inquiries regarding discovery. This court denied Walker's request to compel discovery because Walker failed to comply with Indiana Trial Rule 26(F).

On October 8, 1998 this court held a hearing on the Motion for Attorney's Fees. Walker failed to explain to this court why the making of the Plaintiff's Request to Compel Discovery was substantially justified and failed to show circumstances that would make awarding Rose and Rose & Walker their reasonable expenses in opposing the motion unjust. The discovery process is "designed to be self-executing with little, if any, supervision necessary by the trial court." *Chrysler Corp. v. Reeves*, 404 N.E.2d 1147, 1151 (Ind.App.1980). In order to promote the smooth operation of the discovery process without the constant intervention of the court, the court may deny a party's motion to compel discovery if the moving party fails to attempt an informal resolution of the discovery dispute before filing the motion to compel discovery. Ind. T.R. 26(F). Since Walker made no effort at the October 8, 1998 hearing to show this court that his specific attempts at informal resolution of the discovery dispute

before filing the motion to compel discovery [sic], this court cannot conclude that the Plaintiff's Request to Compel Discovery was substantially justified.

Walker also argues that this court cannot consider Walker's document as a Motion to Compel since the Motion to Compel was denied on procedural grounds because it did not meet Indiana Trial Rule requirements. This court finds that Walker's failure to cite attempts at informal resolution of the discovery dispute with specificity is not a circumstance that would make awarding Rose and Rose & Walker expenses for opposing the motion to compel discovery unjust. Walker's failure to conform to Ind. T.R. 26(F) led to this court's denial of his motion. Walker had the opportunity, at the October 8, 1998 hearing, to demonstrate that his motion to compel discovery was substantially justified; since Walker failed to meet the burden of substantial justification for his motion, this court can only assume that the motion was lacking in specificity because Walker didn't attempt informal resolution of the discovery dispute. Walker cannot file a Request to Compel Discovery and then ask this court to disregard the motion in an Indiana Trial Rule 37(A)(4) award of expenses proceeding.

In conclusion, this court finds that Walker's Request to Compel Discovery was not substantially justified and that the circumstances do not make awarding Defendants Rose and Rose & Walker $1,994.00 in attorney's fees unjust. (Attorney Fee Affidavit page 3, Exhibit A.)

*Record* at 2–5.

■ There is no merit to Walker's claim that the only sanction available for a T.R. 26(F) violation is the denial of the motion to compel discovery. A trial court may, pursuant to T.R. 37(A)(4), properly impose monetary sanctions on a party for filing a motion to compel without first attempting to resolve any discovery disputes with opposing counsel. *Steele v. Mc-*

*Donald's Corp.,* 686 N.E.2d 137 (Ind.Ct. App.1997), *trans. denied.* Accordingly, the trial court here did not abuse its discretion in awarding attorney fees pursuant to T.R. 37 to Rose and Rose & Walker after it denied Walker's motion to compel discovery because Walker failed to comply with T.R. 26(F).

We decline to address Walker's final two claims: 1) that the trial court abused its discretion in entering the award of attorney fees because some of the fees awarded were not incurred in defense of Walker's motion to compel discovery, and 2) that the attorney fees awarded were unreasonable. Walker failed to raise these issues at the attorney fee hearing held before the trial court on October 8, 1998, when the trial court admitted the attorney fee affidavit as an exhibit. The failure to raise errors that existed at trial may not be remedied in a post-trial motion to correct errors or on appeal. *Babinchak v. Town of Chesterton,* 598 N.E.2d 1099 (Ind. Ct.App.1992). Walker's final two issues are therefore waived.

Judgment affirmed.

GARRARD, Sr.J., and DARDEN, J., concur.