Virgil HALL, III, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 27A05–0106–CR–245.

Court of Appeals of Indiana.

Jan. 15, 2002.

Rehearing Denied Feb. 19, 2002.

Mark Small, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Virgil Hall, III, appeals the trial court's denial of his motion for leave to depose members of the jury in furtherance of his motion to correct error. This appeal was brought before us following certification of the trial court's order for an interlocutory appeal. Hall presents one main issue with several subparts, which we restate as whether the trial court abused its discretion by denying his motion to depose the jurors.

We affirm.

A review of the facts reveals that Hall was sentenced on March 9, 2001, following a jury verdict of guilty to the charges of Murder, a felony, and Neglect of a Dependent Resulting in Serious Bodily Injury, a Class B felony. Subsequently, Hall discovered that a juror, David Daniels, had communicated with the rest of the jury his stepson's and others' view of Hall's guilt or innocence. Daniels' stepson was an inmate at the jail where Hall was being detained. During a phone conversation, the stepson spoke to Daniels and told him that he believed that Hall was innocent. Daniels informed him that he could not talk about the case and gave the phone back to his wife. At a later time, Daniels overheard his wife tell another family member that the inmates now believed that Hall was guilty. Daniels told this information to the alternate juror and the other members of the jury.

Upon learning of this information, Hall filed a motion to correct error in which he included the affidavit of the alternate juror which recounted much of the above stated facts. Hall also sought to depose the jurors about the matter. Affidavits were also submitted by Daniels, Daniels' wife, Daniels' stepson, and Robert Oatis, an investigator for the Prosecuting Attorney.

Oatis' affidavit included a description of a conversation he had with another member of the jury who stated that Daniels brought up the conversations but was dissuaded from relating the conversation. After a hearing upon the motion to depose the jurors, the trial court denied Hall's motion.

We begin by noting that few cases exist which address the precise question of whether the jury may be deposed upon defendant's request to determine if there was misconduct by the jury. Both this court and our Supreme Court, as well as several other jurisdictions, have addressed similar issues providing a guide upon which we may rely. We also note that several of the sub-issues raised by Hall deal with the propriety of the motion to correct error. Although the trial court did address some of the merits of the motion to correct error in its order on the motion to depose the jury, the trial court has postponed the full hearing on the motion to correct error while this interlocutory appeal is pending. Therefore, we will not address any argument regarding the appropriateness of the motion to correct error.

■ The issue in this case is a review of a post-trial discovery request that is supplemental to a motion to correct error. In ruling upon a discovery matter, the trial court is granted broad discretion. *Walker v. McCrea,* 725 N.E.2d 526, 528 (Ind.Ct. App.2000). We will not interfere with the discretion of the trial court absent an abuse of that discretion. *Id.* Similarly, the trial court has discretion in matters of juror misconduct, and we will review for an abuse of discretion. *Bixler v. State,* 471 N.E.2d 1093, 1098 (Ind.1984), *cert. denied,* 474 U.S. 834, 106 S.Ct. 106, 88 L.Ed.2d 86 (1985). An abuse of discretion is found when the result reached by the trial court is clearly against the logic and

effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions flowing therefrom. *Walker*, 725 N.E.2d at 528.

Hall correctly asserts that a defendant has a constitutional right to confront witnesses against him. U.S. CONST. amend. IV; IND. CONST. art. 1, sec. 13. Hall argues that this constitutional right also includes the right to depose members of a jury to determine if misconduct occurred during the trial or deliberations. Hall also directs us to several cases from Indiana and other jurisdictions which address the issue of discovery based upon alleged juror misconduct.

In *Griffin v. State*, 754 N.E.2d 899, 902 (Ind.2001), our Supreme Court recognized the necessity of protecting a defendant's right to confront witnesses, "which may be violated if a jury considers information that was not in evidence." The Court then detailed the progression of the law regarding impeachment of jury verdicts and the protection of defendant's rights. The Court noted that these issues were first addressed by the U.S. Supreme Court in *Mattox v. United States*, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892). Our Supreme Court adopted the *Mattox* approach in *Fox v. State*, 457 N.E.2d 1088 (Ind. 1984), and Indiana later adopted Evidence Rule 606(b). In *Griffin*, our Supreme Court also reviewed whether the common law prohibition against a juror testifying about how an outside influence affected them, first devised in *Mattox*, still applies when 606(b) is invoked. The Court held that the prohibition still applied, thereby accepting the previous view that a defendant's right to confront witnesses was not violated if the jury could testify to the existence of a 606(b) exception, but not the effect that the influence had on them. *Griffin*, 754 N.E.2d at 903.

Hall also relies upon decisions from other jurisdictions in asserting that the trial court improperly denied his motion to depose the jurors. Although the cases he cites, and others which our research has discovered, do lend support to the fact that some jurisdictions allow a party to depose the jury in regard to juror misconduct, none of the cases support Hall's proposition that he is guaranteed the right to depose jurors. *See Bolton v. Tesoro Petroleum Corp.*, 871 F.2d 1266, 1275 (5th Cir.1989), *cert. denied*, 493 U.S. 823, 110 S.Ct. 83, 107 L.Ed.2d 49 (holding that district court did not err in conducting *in camera* interview of each juror because how best to gather information regarding alleged juror misconduct is a matter of trial court discretion); *see also United States v. Calbas*, 821 F.2d 887, 896 (2d Cir.1987), *cert. denied*, 485 U.S. 937, 108 S.Ct. 1114, 99 L.Ed.2d 275 (1988) (holding that district court acted properly in conducting limited inquiry into jury use of information outside of the record and failing to allow counsel to participate in questioning of the jurors because trial court has wide discretion in deciding how to pursue an inquiry into the effects of extra-record information). In fact, the closest any court has come to mandating any specific type of discovery other than the trial court interviewing the jurors *in camera* was in *United States v. Boney*, 68 F.3d 497 (D.C.Cir.1995), in which the Circuit Court held that the trial court erred by not allowing counsel for both parties to cross-examine a juror who had not divulged that he was a convicted felon. The Circuit Court believed that questioning by counsel would have more likely uncovered the bias of the juror, and because of the specific facts, the questioning was unlikely to compromise the confidentiality of jury deliberations. *Id.* at 503.

In forming our conclusion, we note, as did our Supreme Court in *Griffin*, that

both federal law and our own common law guide us in interpreting Evid.R. 606(b). 754 N.E.2d at 902. We find no prior case law which requires that a defendant be allowed to depose the jury to determine if there was indeed jury misconduct. In fact, we conclude that such a holding would be contrary to the time honored and accepted understanding of the common law and 606(b) both at the state and federal levels.[1] We also rely upon the case law controlling the deposing of witnesses in general to assist in determining whether the trial court abused its discretion in this instance.

■ For a review of the law controlling the deposing of witnesses, Hall directs us to *Murphy v. State,* 265 Ind. 116, 352 N.E.2d 479 (1976). In *Murphy,* our Supreme Court held that a criminal defendant had the right to depose State's witnesses, subject to certain limitations. 265 Ind. at 119, 352 N.E.2d at 482. In order for the defendant to utilize this right, the defendant must proffer a sufficient designation of the items sought to be discovered, the items must be material to the defense, and the State must fail to make a showing of paramount interest in non-disclosure. *Brandon v.. State,* 268 Ind. 150, 158, 374 N.E.2d 504, 509 (1978).

■ In applying the limitations set out in *Brandon* to the right to depose witnesses as enunciated in *Murphy,* the trial court did not abuse its discretion. From a review of the transcript, it appears that Hall's wishes were for the right to depose the jurors in order to obtain the same information which was already before the trial court. The trial court had received affidavits about the matter, including the one submitted by Daniels in which he admitted to telling the whole jury about his stepson's beliefs of Hall's innocence or guilt. It does not appear that Hall could have garnered any information other than the effect that the information had on the jurors. As our Supreme Court determined in *Griffin,* 606(b) prohibits juror testimony about how an outside influence affected the decision making process. 754 N.E.2d at 903.

■ The State also has a paramount interest in limiting discovery regarding jury misconduct. The general rule of prohibiting juror impeachment of verdicts is based upon the concerns of post-verdict jury tampering, defeating the jury's solemn acts under oath, and the possibility that dissatisfied jurors would attempt to destroy a verdict after assenting. *Id.* at 902. The fear that depositions could be cleverly used and worded to create an issue of jury impeachment is expressed in Judge Sharp's view of the use of affidavits for impeachment, " '[i]t is all too easy for ingenious counsel to prepare carefully worded affidavits to cast doubt on a jury verdict.' " *Id.* at 903 (quoting *Lindsey v. State,* 282 N.E.2d 854, 861 (Ind.Ct.App. 1972) *trans. granted, vacated by* 260 Ind. 351, 295 N.E.2d 819 (1973)).[2] This is not

---

1. *Lopez v. State,* 527 N.E.2d 1119, 1130 (Ind. 1988) provides a degree of guidance. In *Lopez,* our Supreme Court upheld a trial court's decision denying a request to question a juror about alleged misconduct when the sole witness present at the hearing, the juror's stepdaughter, provided information which implied that there was no adverse impact on the jury from the outside influence.

2. It must be acknowledged that a tension exists between the policy considerations forbidding jurors from being questioned or even harassed concerning the reasons or motivations for their verdict and the policy to protect a defendant from the verdict consequences of improper and prejudicial influences. In most instances it is difficult, if not impossible, to assess the impact of extraneous information of influences without somehow gaining insight into the individual ju-

to say that a party may never depose the jurors in order to determine if and to what extent there was jury misconduct; however, the deposition of jurors is a discovery method that should be used in only the most appropriate situations. The more common discovery method, which also reduces the chance that counsel may influence the jury's wording, is for the trial court to conduct *in camera* interviews with jurors to determine the extent to which they were exposed to prohibited information and the potential prejudice that resulted. *See Agnew v. State,* 677 N.E.2d 582, 584 (Ind.Ct.App.1997), *trans. denied* (holding that upon a motion for mistrial based upon improper jury exposure to prejudicial information, the trial court is obligated to interrogate the jury only when the risk of prejudice is substantial, as opposed to imaginary or remote).

In this case, the trial court did not commit an abuse of discretion by denying Hall's request to depose the jurors. Evi-

dence was already before the trial court showing that Daniels had informed the jury of the views of the inmates, communicated through his stepson, regarding Hall's innocence or guilt. Also, following the previous interpretations of 606(b) and the common law views of jury impeachment, we find no basis for mandating that a party has the right to depose the jury. Rather, the appropriate method to be used for determining prejudice when there are allegations of jury misconduct is best left to the discretion of the trial court.

The ruling of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.

---

ror's reaction to the information or outside influence. Nevertheless, the development of the law in this regard gives precedence to the long established policy against permitting a juror to directly or indirectly impeach

the verdict. *See Griffin,* 754 N.E.2d at 902–03.