## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 10 2018, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin J. Mamon
Michigan City, Indiana

ATTORNEY FOR APPELLEES

Michael R. Morow
STEPHENSON MOROW & SEMLER
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Kevin J. Mamon,

*Appellant-Plaintiff,*

v.

Ryan Garrity, et al.,

*Appellees-Defendants.*

May 10, 2018

Court of Appeals Case No.
30A01-1706-PL-1210

Appeal from the Hancock Circuit Court

The Honorable Charles D. O'Connor, Special Judge

Trial Court Cause No.
30C01-1609-PL-1384

**Bailey, Judge.**

# Case Summary

[1] Pro-se Appellant Kevin Mamon ("Mamon") appeals the Indiana Trial Rule 37 discovery sanction dismissal of his complaint against the Hancock County Sheriff's Department and several of its employees, in their personal capacities. Mamon presents the sole issue of whether the dismissal was an abuse of the trial court's discretion. We affirm.

# Facts and Procedural History

[2] On October 23, 2013, Mamon filed a complaint for personal injury damages, naming as defendants Ryan Garrity, Jordan Conley, Andy Craig, Keither Oliver, Kathy Pierce and the Hancock County Sheriff's Department (collectively, "the Defendants"). Mamon alleged that he had been battered by one or more Sheriff's Department employees, and others had acquiesced in Mamon's mistreatment. The complaint, as supplemented on April 1, 2014, stated allegations of unreasonable search and seizure, excessive force, and retaliation in violation of the Fourth, Fourteenth, and First Amendments to the United States Constitution, respectively. The complaint also alleged state law claims, purportedly: assault and battery, abuse of authority, negligence, negligent supervision, intentional infliction of emotional distress, negligent infliction of emotional distress, and respondeat superior liability.

[3] On October 30, 2013, the case was removed to federal court. On March 2, 2015, the United States District Court granted summary judgment to the

Defendants on all federal claims. The state law claims were remanded to the Madison Circuit Court.[1]

[4] On November 17, 2015, the Defendants filed a motion for leave to depose Mamon, an incarcerated person. The motion was granted. After receiving notice that he was to be deposed on November 25, 2015, Mamon drafted a memorandum to the superintendent of the prison. Mamon declined to participate in a deposition if he was required to appear in chains or shackles, consistent with his then-assigned supervisory classification. The contents of the memorandum were conveyed by prison personnel to the Defendant's attorney, and the scheduled deposition was cancelled.

[5] Significant time passed, a portion of which Mamon spent in segregation. After consultation with prison authorities, the Defendants decided not to request a compulsory cell extraction. Mamon was later placed in a non-segregation unit of the Indiana State Prison in Michigan City, Indiana. The Defendants provided notice to Mamon and arranged for a deposition to be conducted on January 25, 2017 at the prison. The Defendant's counsel hired a court reporter and appeared for the deposition. However, a correctional officer advised the attorney that Mamon refused to appear.

---

[1] The case was later transferred, pursuant to a motion for change of venue filed by the Defendants, to the Hancock Circuit Court.

On February 13, 2017, the Defendants filed a motion to dismiss, pursuant to Trial Rule 37. On February 17, 2017, Mamon filed a motion to deny the petition for dismissal. On March 31, 2017, the trial court conducted a hearing at which Mamon appeared telephonically. Mamon's complaint was dismissed; he now appeals.

# Discussion and Decision

"Our discovery rules are designed to allow a liberal discovery procedure, the purposes of which are to provide parties with information essential to the litigation of all relevant issues, to eliminate surprise and to promote settlement, with a minimum of court involvement in the process." *Canfield v. Sandock*, 563 N.E.2d 526, 528 (Ind. 1990). The trial court has broad discretion in ruling on issues of discovery. *Hatfield v. Edward J. DeBartolo Corp.*, 676 N.E.2d 395, 399 (Ind. Ct. App. 1997). Discretion is a privilege that is afforded a trial court to act in accordance with what is fair and equitable in each case. *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind. 1993).

Because the nature of discovery issues is fact-sensitive, the trial court's ruling is presumptively correct, and will stand absent a showing of clear error and resulting prejudice. *Smith v. Smith*, 854 N.E.2d 1, 4 (Ind. Ct. App. 2006). We will reverse only when the trial court has abused its discretion, i.e., when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the trial court has misinterpreted the law. *Brown v. Katz*, 868 N.E.2d 1159, 1165 (Ind. Ct. App. 2007).

[9] Although discovery is designed to be self-executing, when the goals of the system break down, Trial Rule 37 provides the trial court with tools to enforce compliance. *Hatfield*, 676 N.E.2d at 399. Pursuant to Indiana Trial Rule 37(D):

> If a party … fails to appear before the officer who is to take his deposition, after being served with a proper notice, … the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (a), (b), and (c) of subdivision (B)(2) of this rule.

Rule 37(B)(2)(c) provides that the trial court may, as a sanction for failure to comply with a discovery order, enter:

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

[10] Mamon contends that the sanction of dismissal was too severe and the trial court should have instead ordered him to pay expenses related to the failed deposition, pursuant to Trial Rule 37(B), providing in relevant part:

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

[11]  At the hearing, counsel for the Defendants argued that Mamon had twice willfully failed to comply with a deposition order. Additionally, counsel suggested that monetary sanctions would be inappropriate due to Mamon's incarceration and indigency.

[12]  Mamon explained his non-compliance thus:

> First and foremost, I am not in a disciplinary segregation unit. Nor was I at the time that the attorney came up here to depose me on January 25th, I simply refused to be deposed because I felt the attorney was attempting to gather expertise [sic] statements from me in order to use in an oppressive manner to escape liability of his case for his clients.

(Tr. at 7.) Mamon elaborated upon his position: he had promptly responded to written interrogatories from the Defendants; he had sent a notice to the Defendants' attorney of intent "to cross examine his clients"; and on the day of the scheduled deposition, Mamon had been advised that only the attorney showed up at the prison and not his clients.[2] (Tr. at 7.) Based upon a perceived lack of cooperation from the Defendants in the discovery process, Mamon "ask[ed] the prison officials to terminate the deposition" and filed a motion for an order of protection. (Tr. at 7.)

---

[2] The record does not indicate that any of the Defendants were properly noticed to appear at a scheduled deposition in accordance with Indiana Trial Rule 45(D)(2), which provides in relevant part, with regard to a subpoena for taking depositions: "An individual may be required to attend an examination only in the county wherein he resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of court."

[13]   At the hearing, Mamon asked the trial court "to limit discovery to written interrogatories or a written deposition since the Defendants refuse to appear in person so that I can cross examine them." (Tr. at 9.) After two instances of non-compliance, Mamon indicated to the trial court that he would provide oral testimony in a future deposition subject to two conditions, a new court order and reciprocal testimony from the Defendants. Mamon did not challenge the representation of his indigency or suggest a monetary sanction in lieu of dismissal; he did so only post-hearing. Moreover, even if we assume that Mamon is no longer indigent and could satisfy monetary sanctions, a trial court is not required to impose lesser sanctions prior to imposing the ultimate sanction of dismissal. *Hatfield*, 676 N.E.2d at 399.

# Conclusion

[14]   The trial court did not abuse its discretion by dismissing Mamon's complaint.

[15]   Affirmed.


Crone, J., and Brown, J., concur.