## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2019, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dana J. Phillips
Schiller Law Offices, LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEES

Bryce H. Bennett
Drake T. Land
Justin O. Sorrell
Riley Bennett Egloff LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Doreen White,

*Appellant-Plaintiff,*

v.

Joe Holland and Penske Truck Leasing Co., L.P.,

*Appellees-Defendants*

November 15, 2019

Court of Appeals Case No. 19A-CT-967

Appeal from the Lake Circuit Court

The Honorable Marissa J. McDermott, Judge

Trial Court Cause No. 45C01-1703-CT-52

**Baker, Judge.**

[1] Doreen White appeals the trial court's denial of her motion for leave to amend the complaint, grant of Joe Holland's motion to dismiss, and grant of Penske Truck Leasing Co., L.P.'s, (Penske) motion for summary judgment, arguing that the trial court erred in each ruling. Finding no error, we affirm.

## Facts

[2] On June 9, 2015, White and Holland were involved in a car accident. On March 24, 2017, White filed a complaint for damages against Holland, alleging that his negligence caused the accident. White also included a claim against Penske, arguing that Penske, as Holland's employer, was vicariously liable for Holland's negligence under the theory of respondeat superior.

[3] In their July 12, 2017, answers to White's complaint, both Holland and Penske denied that Holland was employed by Penske.[1] Holland and Penske further denied that they were in an employer/employee relationship in their responses to White's discovery requests on August 11, 2017, and August 18, 2017, respectively. On August 22, 2017, the trial court set a deadline of December 1, 2017, for additional motions to join parties or amend the pleadings. White did not amend her complaint to include the correct defendant by this deadline.

[4] On November 2, 2017, Holland and Penske filed a motion to compel White to respond to their written interrogatories and a request for production. The trial

---

[1] Penske Logistics is Holland's employer.

court denied their motion on December 14, 2017, but nonetheless advised White to respond before December 21, 2017. After receiving White's discovery responses on December 18, 2017, Holland and Penske notified White that the responses were "incomplete and deficient[.]" Appellees' App. Vol. II p. 42. White did not amend or modify those responses.

[5]     On February 2, 2018, Penske filed a motion for summary judgment, arguing that Penske could not be held vicariously liable for any of Holland's alleged negligence because it was not Holland's employer. In support of its motion, Penske designated evidence in the form of Holland's and Penske's written responses to White's discovery requests.

[6]     On June 8, 2018, White deposed Holland, and it was during this deposition that White claimed to have learned for the first time that Holland was employed by Penske Logistics and not Penske. Subsequently, the trial court granted White two enlargements of time to respond to Penske's original motion for summary judgment. Still, White did not respond to the summary judgment motion and did not designate any opposing evidence.

[7]     On July 25, 2018, Holland and Penske filed a second motion to compel, which the trial court granted on August 24, 2018. White did not respond to this motion. On September 7, 2018, White allegedly attempted to file a motion for leave to amend the complaint to include Holland's actual employer. However, the trial court never received the motion. In the meantime, on September 27, 2018, Holland and Penske filed a third motion to compel, which the trial court

granted on October 16, 2018. With no word from White, Holland and Penske filed a fourth motion to compel on October 17, 2018, on which the trial court did not issue an order. The trial court also extended multiple discovery deadlines for all parties.

[8]     Finally, on November 9, 2018, Penske and Holland filed a joint motion to dismiss White's claims as discovery sanctions under Indiana Trial Rule 37(B)(2)(c) because White failed to comply with the trial court's orders compelling compliance with discovery. White never responded to the motion to dismiss. The trial court conducted a November 26, 2018, hearing, at which time White finally filed a proper motion for leave to amend her complaint. In that complaint, White sought to add Penske Logistics as a new party and to add a claim against Penske for negligent entrustment. On November 27, 2018, Holland and Penske objected to White's motion for leave to amend.

[9]     After taking the various motions under advisement, on December 21, 2018, the trial court issued an order denying White's motion for leave to amend her complaint, granting Holland's motion to dismiss, and granting Penske's motion for summary judgment.[2] On January 22, 2019, White filed a motion to correct errors, which the trial court denied on March 28, 2019. White now appeals.

---

[2] The trial court ruled that Penske's motion to dismiss was moot because it had already granted Penske's motion for summary judgment.

# Discussion and Decision

# I. Motion to Amend

[10] First, White argues that the trial court erred when it denied her motion for leave to amend the complaint. Indiana Trial Rule 15(A) states, in pertinent part, that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served[.]" Here, the Appellees filed a response to White's original complaint on July 12, 2017. Because of this, under Trial Rule 15(A), White "may amend [her] pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires."

[11] The trial court has broad discretion in granting or denying amendments to pleadings, and we will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances, or if the trial court has misinterpreted the law. *Fleming v. Int'l Pizza Supply Corp.*, 707 N.E.2d 1033, 1036 (Ind. Ct. App. 1999). In determining whether the trial court erred in its decision to grant or deny pleading amendments, "we look to a number of factors, which include 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, and futility of the amendment.'" *MAPCO Coal Inc. v. Godwin*, 786 N.E.2d 769, 777 (Ind. Ct. App. 2003) (quoting *Nyby v. Waste Mgmt., Inc.*, 725 N.E.2d 905, 915 (Ind. Ct. App. 2000)).

[12] Here, the trial court determined that White's motion for leave to amend was "untimely and prejudicial to [Holland and Penske][.]" Appellant's App. Vol. II p. 15. We agree. Ever since White first filed suit against Holland and Penske, there has been nothing but procedural confusion.

[13] First, White repeatedly failed to include the correct Penske defendant even after learning through discovery on August 11 and August 18, 2017, that she had filed suit against the wrong party. And despite the trial court's December 1, 2017, deadline for amendments to the complaint, White did not meet the deadline, causing further delay.

[14] Then, without explanation, for nearly a full year, White neglected to respond to Holland's and Penske's multiple discovery requests or comply with the trial court's orders compelling her cooperation, claiming that she "did not receive the mailed Requests for Admission and there is no evidence that Appellee[s] served the Requests for Admission by email as required by Indiana Trial Rule 26(A.1)." Appellant's Br. p. 11.[3] In this day and age, we find it difficult to believe that a party—represented by counsel—did not receive repeated discovery requests or trial court orders. Moreover, even if that actually happened, a reasonable party would take affirmative action to determine the

---

[3] We note that the Chronological Case Summary and the accompanying appendices show that Holland and Penske filed all documents and motions with the trial court in the correct fashion and sent notice to White's counsel multiple times. Moreover, the trial court granted two motions to compel, setting deadlines for White's compliance. She claims that she also did not receive these orders. Because White admitted that she "remained in regular communication with the Lake County Clerk's Office for weeks," appellant's br. p. 10, her failure to respond to the various motions is that much more puzzling.

status of the case and discovery if all had been silent for a full year. In sum, with no plausible reason, White wholly failed to participate in this litigation, ignoring deadlines, discovery requests, and court orders.

Under these circumstances, the trial court did not err in concluding that White's dilatory filing of a motion for leave to amend her complaint was untimely and prejudicial to Holland and Penske. By "offer[ing] no convincing reason for foregoing the opportunity to fully present [her] claims in a more timely fashion," *Hilliard v. Jacobs*, 927 N.E.2d 393, 400 (Ind. Ct. App. 2010), White seemingly circumvented procedure all in the name of ignorance.[4] The trial court was well within its discretion to deny White's motion.

## II. Motion to Dismiss

Next, White argues that the trial court erred by granting Holland's motion to dismiss.[5] "The trial court is vested with broad discretion in ruling on the issues of discovery[.]" *Hatfield v. Edward J. DeBartolo Corp.*, 676 N.E.2d 395, 399 (Ind. Ct. App. 1997). For cases involving dismissal as a discovery sanction, we will reverse a trial court's decision only if it is against the logic and effect of the facts

---

[4] As an aside, we admonish White for omitting approximately one year of facts and procedure from her brief and for repeatedly claiming that she had not received any court documents or motions filed by the Appellees. It is one thing to frame the facts in a light that benefits your side of the argument, but it is an entirely different thing to wholly exclude key facts and circumstances and to cry foul about procedural deficiencies that do not exist.

[5] Despite White's insistence that the trial court ruled on this as a Trial Rule 12(B)(6) motion for failure to state a claim for which relief can be granted, the trial court confirmed that it had dismissed White's claims against Holland as a discovery sanction under Trial Rule 37. *See generally* Appellant's App. Vol. II p. 18-19.

and circumstances before the court. *Id.* "Whether to impose the sanction of dismissal for refusal to comply with discovery orders is a matter for the trial court's discretion." *Id.*

[17] Indiana Trial Rule 37(B)(2)(c) states, in pertinent part that:

> (2) [i]f a party or an officer, director, or managing agent of a party or an organization . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
>> (c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding or any part thereof*, or rendering a judgment by default against the disobedient party[.]

(Emphasis added). Here, the record is replete with evidence showing that dismissal of White's complaint against Holland was not in error.

[18] The prolonged discovery process was caused primarily by White's repeated failures to respond to Holland's and Penske's discovery requests. Even after the trial court issued two orders requiring that White comply, she failed to do so. Holland and Penske filed four motions to compel, two of which the trial court granted, all to no avail. Moreover, White did not object to the motions to compel, demonstrating that she either flatly refused to cooperate, overlooked her obligations to respond, or disregarded the discovery requests altogether.

[19] Holland and Penske attempted to adequately prepare a defense, but they were unable to do so because they did not have the proper information from White.

Though dismissals may not be favored in Indiana, *see Fulton v. Van Slyke*, 447 N.E.2d 628, 634 (Ind. Ct. App. 1983), the trial court had the discretion to impose such a sanction in this case given White's constant delay and inattentiveness. In sum, the trial court did not err by granting Holland's motion to dismiss pursuant to Trial Rule 37(B)(2)(c).

# III. Motion for Summary Judgment

[20] Finally, White argues that the trial court erred by granting Penske's motion for summary judgment. Our standard of review for a motion for summary judgment is well settled:

> [W]hen we review a grant or denial of a motion for summary judgment, our standard of review is the same as it is for the trial court. The moving party must show there are no genuine issues of material fact and it is entitled to judgment as a matter of law. If the moving party carries its burden, then the non-moving party must present evidence establishing the existence of a genuine issue of material fact. In deciding whether summary judgment is proper, we consider only the evidence the parties specifically designated to the trial court. We construe all factual inferences in favor of the non-moving party and resolve all doubts regarding the existence of a material issue against the moving party.

*Knighten v. E. Chi. Hous. Auth.*, 45 N.E.3d 788, 791 (Ind. 2015) (internal citations and quotations omitted).

[21] "Under the doctrine of respondeat superior, an *employer*, who is not liable because of its own acts, can be held liable for the wrongful acts of his *employee* which are committed within the scope of employment." *Robbins v. Trustees of Ind. Univ.*, 45 N.E.3d 1, 8 (Ind. Ct. App. 2015) (internal quotations omitted)

(emphases added). Thus, a claimant cannot recover under a claim of respondeat superior if there is no employer/employee relationship.

[22] In its brief in support of summary judgment, Penske designated evidence in the form of the Appellees' verified responses to White's discovery requests in which they attested that Penske was not Holland's employer. Furthermore, White admitted that she "learned that she had sued the wrong company entity," appellant's br. p. 10, when she deposed Holland on June 8, 2018. In other words, there is undisputed evidence that Penske Logistics—and not the named Penske defendant—was Holland's actual employer. The burden then shifted to the non-movant (White) to present evidence that there was a genuine issue of material fact. And White failed to designate any evidence in opposition to Penske's motion for summary judgment or to even file a brief.

[23] Given this background, we conclude that there is no genuine issue of material fact and that because Penske is not Holland's employer, White cannot recover from Penske as a matter of law. Thus, the trial court did not err by granting Penske's motion for summary judgment.

[24] The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.