Nick **POPOVICH**, Petitioner,

v.

**INDIANA DEPARTMENT OF STATE REVENUE**, Respondent.

No. 49T10–1010–TA–53.

Tax Court of Indiana.

April 24, 2014.

See also 2014 WL 1641310.

James K. Gilday, Gilday & Associates, P.C., Indianapolis, IN, Attorney for Petitioner.

Gregory F. Zoeller, Indiana Attorney General, Thomas D. Cameron, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON PETITIONER'S SECOND MOTION TO COMPEL

### WENTWORTH, J.

This matter involves Nick Popovich's Second Motion to Compel requesting that the Court order the Indiana Department of Revenue to produce certain original documents for use at a deposition.[1] The Court denies Popovich's Motion.

## FACTS AND PROCEDURAL HISTORY

On December 1, 2011, Popovich issued a subpoena to the Department's designated Trial Rule 30(B)(6) witness pursuant to Indiana Trial Rule 45. The subpoena directed the witness to appear and bring several original documents to the deposition.[2] (*See* Pet'r Sec. Mot. Compel, Ex. A.) That same day, the Department contacted the Court and requested an attorneys' conference. (*See* Pet'r Mot. Compel at 1–2.)

The Court held the attorneys' conference seven days later and the parties agreed that the witness would be deposed on January 6, 2012. (*See* Pet'r Sec. Mot. Compel at 2, Ex. B.) On December 14, 2011, Popovich sent a Notice of Deposition to the Department's witness confirming the date, time, and location of the deposi-

---

1. In a companion decision issued concurrently with this one, the Court granted in part and denied in part Popovich's first motion to compel and the Department's motion for protective order. *See Popovich v. Indiana Dep't of State Revenue*, No. 49T10–1010–TA–53, 7 N.E.3d 419, 2014 WL 1641310 (Ind. Tax Ct. Apr. 24, 2014). The facts and procedural history leading up to the filing of Popovich's

Second Motion to Compel were stated in that decision and, therefore, this decision will provide only those additional facts necessary for resolution of this Motion.

2. Indiana Trial Rule 45(B) provides, in part, that "[a] subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein[.]" Ind. Trial Rule 45(B).

tion. (*See* Pet'r Sec. Mot. Compel, Ex C.) The Notice also provided that the witness should bring originals of the requested documents to the deposition pursuant to Indiana Trial Rules 30(B)(5) and 34.[3] (*See* Pet'r Sec. Mot. Compel, Ex. C.)

Less than 24 hours before the deposition, the Department advised Popovich in an email that it would not permit the removal of the original documents from its offices because that request exceeded the requirements of Trial Rule 34. (*See* Pet'r Sec. Mot. Compel, Ex. D.) The Department's email further stated that Popovich could inspect the original documents at its offices and that its witness would bring true and accurate copies of the documents for use at the deposition. (*See* Pet'r Sec. Mot. Compel, Ex. D.)

That same afternoon, Popovich responded to the Department by email that he believed his request was consistent with Indiana's Trial Rules, but as an accommodation, he would limit his request to twenty-seven (27) pages of original documentation and accept copies of the other requested documents.[4] (*See* Pet'r Sec. Mot. Compel, Exs. C, E.) Popovich also stated that if the Department did not produce the original documents as requested, he would file a motion to compel. (*See* Pet'r Sec. Mot. Compel, Ex. E.)

The next day, the Department's witness appeared at the deposition with copies of the requested documents, but no originals.

(*See* Pet'r Sec. Mot. Compel at 3; Pet'r Reply Supp. Sec. Mot. Compel (hereinafter "Pet'r Reply"), Ex. C at 18–21.) As a result, Popovich adjourned the deposition. (*See* Pet'r Reply, Ex. C at 21.) About two weeks later, on January 23, 2012, Popovich filed this Motion. The Court held a hearing on March 1, 2012. Additional facts will be supplied as necessary.

## LAW

■ In Indiana, "[d]iscovery is designed to be self-executing with little, if any, supervision of the court." *Trost–Steffen v. Steffen,* 772 N.E.2d 500, 512 (Ind.Ct.App. 2002), *trans. denied.* When the goals of this system break down, Indiana's trial rules provide the parties with tools for moving the process forward. For instance, Indiana Trial Rule 37 states that "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery[.]" Ind. Trial Rule 37(A). Before any party files a motion seeking to enforce, modify, or limit discovery, however, Indiana Trial Rule 26(F) requires the party to:

(1) Make a reasonable effort to reach agreement with the opposing party concerning the matter which is the subject of the motion or request; and

---

**3.** Indiana Trial Rule 30(B)(5) provides that a notice "to a deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition." Ind. Trial Rule 30(B)(5). Indiana Trial Rule 34 states that a request "shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity" and "specify a reasonable time, place, and manner of making the inspection and performing the related acts." Ind. Trial Rule 34(B).

**4.** These documents consisted of Popovich's 2003 through 2005 Indiana tax returns and their transmittal envelopes, two pages of documents that the Department produced in responding to Popovich's first set discovery requests, and the documents that Popovich's attorney inspected on November 3, 2011. (*See* Pet'r Sec. Mot. Compel, Exs. C at App. A, E at 2.)

(2) Include in the motion or request a statement showing that the attorney making the motion or request has made a reasonable effort to reach agreement with the opposing attorney(s) concerning the matter(s) set forth in the motion or request. This statement shall recite, in addition, the date, time and place of this effort to reach agreement, whether in person or by phone, and the names of all parties and attorneys participating therein. If an attorney for any party advises the court in writing that an opposing attorney has refused or delayed meeting and discussing the issues covered in this subsection (F), the court may take such action as is appropriate.

Ind. Trial Rule 26(F). This Rule further provides that "[t]he court may deny a discovery motion filed by a party who has failed to comply with [these] requirements[.]" T.R. 26(F).

## ANALYSIS AND ORDER

■ Popovich maintains that by not producing the original documents he requested during the deposition, the Department has failed to cooperate in discovery in contravention of Trial Rule 37(A)(2).[5] (See Pet'r Sec. Mot. Compel at 5.) Popovich therefore requests that the Court order the Department to produce the requested originals for use at the deposition.

Indiana Trial Rule 26(F) requires a party seeking to compel discovery to attempt to resolve the discovery dispute before seeking Court intervention and to document its attempts in the motion. See T.R. 26(F); see also generally Walker v.

McCrea, 725 N.E.2d 526, 531 (Ind.Ct.App. 2000). The failure to comply with either of these requirements may result in a dismissal of the party's motion. See T.R. 26(F).

Popovich's Motion and his oral argument focus on the Department's purported "bad acts" before and after the deposition. (See Pet'r Sec. Mot. Compel; Pet'r Reply; Hr'g Tr. at 84–93.) This litany of bad acts, however, did not document Popovich's informal attempts to resolve the discovery dispute as required by Trial Rule 26(F).

Nonetheless, Popovich's Motion did report that he sent an email modifying the number of originals requested as an accommodation. This alone, however, is an insufficient showing under Trial Rule 26(F) because the Rule indicates that the moving party must attempt to reach an agreement with the opposing attorneys, not just send a "message in a bottle" communication. Although Popovich's Motion reported that an email was sent, the Motion did not state whether this communication hit its mark to indicate a back and forth exchange had occurred. Nor did the Motion report that the parties had any discussion to resolve the impasse after Popovich adjourned the deposition, even though the Department produced an original document that was material to one of Popovich's claims immediately thereafter. Instead, Popovich's Motion merely reported that he filed his Second Motion to Compel about two weeks later. Accordingly, Popovich failed to provide the required showing in his Motion to meet the requirements of Trial Rule 26(F).

5. Popovich also claims that the Department's failure to produce the original documents at the deposition contravened Indiana Trial Rule 9.2(E). (See Pet'r Sec. Mot. Compel at 5.) See also Ind. Trial Rule 9.2(E) (requiring the production of originals when copies are filed with or copied in the pleadings). Popovich has waived this objection because he has not explained the factual basis that would trigger Trial Rule 9.2(E). (See Pet'r Sec. Mot. Compel.)

"The vital resource of [this Court's] time should be spent on discovery issues rarely and sparingly." *Howard v. Dravet*, 813 N.E.2d 1217, 1223 (Ind.Ct.App.2004). The expectation that the movant will make a *reasonable* effort to resolve discovery disputes with the opposing party before moving to enforce, modify, or limit discovery holds true even in instances where, like here, the entire discovery process has been imbued with acrimony. *See* n. 1. Therefore, for all of the above-stated reasons, the Court DENIES Popovich's Second Motion to Compel. Consistent with the requirements of Indiana Trial Rule 37(A)(4), the Court will schedule a hearing regarding the propriety of an award of expenses by separate order.

SO ORDERED.