ATTORNEY FOR PETITIONER:
**JAMES K. GILDAY**
GILDAY & ASSOCIATES, P.C.
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
INDIANA ATTORNEY GENERAL
**JOHN P. LOWREY**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

**FILED**

Mar 07 2016, 11:13 am

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| NICK POPOVICH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 49T10-1010-TA-00053 |
| | ) |
| INDIANA DEPARTMENT OF STATE | ) |
| REVENUE, | ) |
| | ) |
| Respondent. | ) |

## ORDER ON RESPONDENT'S REQUEST FOR EXPENSES
## PURSUANT TO INDIANA TRIAL RULE 37(A)(4)

**FOR PUBLICATION**
**March 7, 2016**

WENTWORTH, J.

The Indiana Department of State Revenue argues that it is entitled to expenses in the amount of $5,175.25 for successfully defending against Nick Popovich's second motion to compel. See generally Popovich v. Indiana Dep't of State Revenue (Popovich II), 7 N.E.3d 419 (Ind. Tax Ct. 2014), reh'g denied. The Court agrees.

## BACKGROUND[1]

In December of 2011, Popovich subpoenaed the Department's designated Trial Rule 30(B)(6) witness, directing him to bring several pages of original documentation to a deposition. Less than 24 hours before the deposition, the Department emailed Popovich to explain that it would bring only copies of the requested documentation to the deposition because the original documents could not be removed from its offices. That same afternoon, Popovich stated that he would file another motion to compel if the Department did not bring at least 27-pages of specified original documentation to the deposition. When the Department's witness appeared at the deposition without any original documents, Popovich promptly adjourned the deposition. Approximately two weeks later, in January of 2012, Popovich filed his second motion to compel the production of original documents.

On April 24, 2012, after conducting a hearing, the Court denied Popovich's second motion to compel because Popovich did not document his attempts to resolve the matter informally as required by Indiana Trial Rule 26(F). See Popovich II, 7 N.E.3d at 422-23. Popovich subsequently filed a motion to reconsider, arguing that the Department's obdurate behavior throughout the discovery process had made complying with Trial Rule 26(F) futile. On June 2, 2014, the Court denied that motion. See Popovich v. Indiana Dep't of State Revenue (Popovich III), No. 49T10-1010-TA-00053, 13 N.E.3d 954, at *2 (Ind. Tax Ct. 2014).

---

[1] The Court has discussed the facts and procedural history regarding the parties' discovery disputes on several occasions and, therefore, it will only provide an abbreviated version of both for purposes of this matter. See Popovich v. Indiana Dep't of State Revenue (Popovich I), 7 N.E.3d 406, 409-11 (Ind. Tax Ct. 2014); Popovich v. Indiana Dep't of State Revenue (Popovich II), 7 N.E.3d 419, 420-21 (Ind. Tax Ct. 2014), reh'g denied; Popovich v. Indiana Dep't of State Revenue (Popovich IV), 17 N.E.3d 405, 407-09 (Ind. Tax Ct. 2014).

2

On October 22, 2014, the Court conducted a hearing on the Department's request for expenses as required by Indiana Trial Rule 37(A)(4). Additional facts will be supplied as necessary.

## LAW

Indiana Trial Rule 37(A)(4) concerns the awarding of expenses for successfully defending against discovery enforcement motions. The Rule, in relevant part, states:

> If [a] motion is denied, the court <u>shall</u>, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Ind. Trial Rule 37(A)(4) (emphasis added). Thus, when a discovery enforcement motion, like Popovich's second motion to compel, is denied, a presumption arises that the Court will also order the reimbursement of the prevailing party's reasonable expenses. See <u>Penn Cent. Corp. v. Buchanan</u>, 712 N.E.2d 508, 511 (Ind. Ct. App. 1999), <u>trans. denied</u>; <u>Georgetown Steel Corp. v. Chaffee</u>, 519 N.E.2d 574, 576 (Ind. Ct. App. 1988), <u>trans. denied</u>. This award of expenses is mandatory, subject only to a showing that the losing party's conduct was substantially justified or that other circumstances make an award of expenses unjust. <u>Penn Cent.</u>, 712 N.E.2d at 511. "[A] person is 'substantially justified' in seeking to compel or in resisting discovery, for purposes of avoiding the sanctions provided by [Trial Rule 37(A)(4)], if reasonable persons could conclude that a genuine issue existed as to whether a person was bound to comply with the requested discovery." <u>Id.</u> at 513.

## ANALYSIS AND DISCUSSION

The issue before the Court is whether the Department is entitled to be reimbursed for expenses incurred in successfully defending against Popovich's second motion to compel. The resolution of this issue depends on the answers to the following questions: 1) whether Popovich was substantially justified in filing the second motion to compel; and 2) whether the Department's request for expenses in the amount of $5,175.25 is reasonable.[2]

### (1)

Popovich claims that he was substantially justified in filing his second motion to compel original documents because he only sought to recover the costs from the canceled deposition that was caused by the Department's malfeasance. (See Pet'r Br. Supp. Award Expenses Re His First Mot. Compel & Resp't Mot. Protective Order & Opp'n Award Expenses Resp't Re His Second Mot. Compel ("Pet'r Br.") at 13, Oct. 15, 2014.) More specifically, Popovich points out that the Department ignored his subpoena, failed to avail itself of the motion to quash remedy, and slept on its knowledge that it would not comply with his subpoena until the eleventh hour. (See Pet'r Br. at 14; Expenses Hr'g Tr. at 57-63, Oct. 22, 2014.) Popovich further explains that if he had more clearly "couched" his second motion to compel as a Trial Rule 45(F) motion for contempt for failure to obey the subpoena, he likely would have prevailed and, therefore, was substantially justified in filing his second motion to compel. (See Expenses Hr'g Tr. at 57, 61-62.)

---

[2] The Court will not separately address whether other circumstances would make an award of expenses unjust because Popovich's arguments on that issue are essentially the same as his substantial justification arguments. (Compare Expenses Hr'g Tr. at 56-63 with 67-69, Oct. 22, 2014.)

4

This Court has already explained that Popovich cannot "walk away from the requirements of the remedy he sought" on the basis that he meant to file a different motion. See Popovich III, 13 N.E.3d 954, at *1. Similarly, the Court has explained that Popovich cannot evade the requirements of Trial Rule 26(F) by pointing his finger at the Department. See Popovich II, 7 N.E.3d at 422-23. See also, e.g., Hill v. Fitzpatrick, 827 N.E.2d 138, 139-42 (Ind. Ct. App. 2005) (upholding discovery sanctions despite an attorney's attempt to shift the blame to opposing counsel). When Popovich filed his second motion to compel, the requirements of Trial Rule 26(F) to have an informal meeting to attempt to reconcile the issue and to document his attempts in his motion were clear. See Ind. Trial Rule 26(F); see also generally Walker v. McCrea, 725 N.E.2d 526 (Ind. Ct. App. 2000). Accordingly, a reasonable person could not conclude that the Department's mulish behavior relieved Popovich from complying with the requirements of Trial Rule 26(F). In other words, two wrongs do not make a right here. Consequently, the Court finds that Popovich was not substantially justified in filing his second motion to compel.

**(2)**

The Department has requested an award of $5,175.25 for expenses for successfully defending against Popovich's second motion to compel. (See Resp't Br. Resp. Pet'r Mot. Trial Rule 37 Sanctions, Including J. & Fees ("Resp't Br.") at 11-12, May 5, 2014; Resp't Notice Aff. Supp. Award Fees & Costs Pursuant to Ind. Trial Rule 37(A)(4), Oct. 20, 2014.) In support of its request, the Department submitted the affidavit of its attorney, John P. Lowery, as evidence of the expenses incurred in resisting both Popovich's second motion to compel and his motion to reconsider. (See

5

generally Aff. John P. Lowrey Supp. Award Fees & Costs Pursuant to Ind. Trial Rule 37(A)(4), Oct. 20, 2014.) Popovich does not question the reliability of the Department's submission nor does he claim that the requested amount of expenses is unreasonable. (See Pet'r Br. at 13-15.) (See also generally Expenses Hr'g Tr.) Having considered the evidence presented and the requirements of Trial Rule 37(A)(4), the Court finds that Popovich must pay the Department's expenses of $5,175.25.

## CONCLUSION

Popovich was not substantially justified in filing his second motion to compel, and therefore, the Department is entitled to a reimbursement for expenses in the amount of $5,175.25 for successfully defending against that motion.

SO ORDERED this 7th day of March 2016.

_____
Martha Blood Wentworth, Judge
Indiana Tax Court

Distribution: James K. Gilday, John P. Lowrey

6