ATTORNEY FOR PETITIONER:
**JAMES K. GILDAY**
GILDAY & ASSOCIATES, P.C.
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
INDIANA ATTORNEY GENERAL
**JOHN P. LOWREY**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

**FILED**
Mar 07 2016, 11:10 am

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| NICK POPOVICH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 49T10-1010-TA-00053 |
| | ) |
| INDIANA DEPARTMENT OF STATE | ) |
| REVENUE, | ) |
| | ) |
| Respondent. | ) |

## ORDER ON PETITIONER'S REQUEST FOR EXPENSES
## PURSUANT TO INDIANA TRIAL RULE 37(A)(4)

**FOR PUBLICATION**
**March 7, 2016**

WENTWORTH, J.

Nick Popovich has requested expenses in the amount of $51,210.29 for successfully prosecuting his first motion to compel. See generally Popovich v. Indiana Dep't of State Revenue (Popovich I), 7 N.E.3d 406 (Ind. Tax Ct. 2014). The Court finds that Popovich is entitled to be reimbursed for reasonable expenses and awards him $24,963.00.

On February 20, 2012, just 10 days before the hearing on Popovich's first motion to compel, the Court ordered the Department to provide "a discrete and numbered list of each item it [sought] to be protected from discovery[.]" (See Order, Feb. 20, 2012.)  The Department's response indicated that it was raising about 418 separate objections to nearly all of Popovich's interrogatories and requests for production.  (See generally Resp't Resp. Item No. 2, Feb. 29, 2012.)  (See also Pet'r Mot. Compel, Ex. A at 15-70 and Ex. G at 9-103, Nov. 22, 2011; Pet'r Reply Supp. Mot. Compel, Ex. L at 1-98 and Ex. N at 1-7, Jan. 17, 2012.)  For example, the Department claimed that Popovich's discovery requests were not relevant and violated both the deliberative process privilege and the general bar against probing the mental processes of administrative decision-makers.  (See, e.g., Pet'r Mot. Compel, Ex. A at 15-70; Pet'r Reply Supp. Mot. Compel, Ex. L at 1-98.)  The Department also claimed that Popovich's discovery requests violated the work-product and attorney-client privileges and that they were oppressive, ambiguous, and unduly burdensome; contained compound questions; posed hypothetical questions; and improperly sought legal conclusions.  (See, e.g., Pet'r Mot. Compel, Ex. A at 15-70.)

On April 24, 2014, the Court issued an order that rejected the Department's claims regarding:

> 1) the relevance of Popovich's discovery requests because they concerned the subject-matter of the case;

---

[1]  The Court has discussed the facts and procedural history regarding the parties' discovery disputes on several occasions, and therefore, it will not restate them, but will instead incorporate them here by reference.  See Popovich v. Indiana Dep't of State Revenue (Popovich I), 7 N.E.3d 406, 409-11 (Ind. Tax Ct. 2014); Popovich v. Indiana Dep't of State Revenue (Popovich II), 7 N.E.3d 419, 420-21 (Ind. Tax Ct. 2014), reh'g denied; Popovich v. Indiana Dep't of State Revenue (Popovich IV), 17 N.E.3d 405, 407-09 (Ind. Tax Ct. 2014).

2) the deliberative process privilege because the Department failed to show that "Indiana recognize[d] a deliberative process privilege applicable to the discovery rules[;]"

3) the general bar against probing the mental processes of administrative decision-makers because Popovich expressly stated that he was not seeking to pry into the hearing officer's mental processes and the bar simply did not apply to the Department's audit process; and

4) the work-product privilege, the attorney-client privilege, and all of the Department's remaining objections because it had done nothing more than assert a series of blanket objections.

See Popovich I, 7 N.E.3d at 412-19.[2]

On October 22, 2014, the Court conducted a hearing on Popovich's request for expenses as required by Indiana Trial Rule 37(A)(4). Additional facts will be supplied as necessary.

**LAW**

Indiana Trial Rule 37(A)(4) concerns the awarding of expenses for successfully prosecuting or defending against discovery enforcement motions. The Rule states:

> If [a] motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

> If [a] motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion

---

[2] The Court notes that the Department successfully prosecuted a small portion of its motion for protective order. See Popovich I, 7 N.E.3d at 418-19. Because the Department has not presented any evidence to support an award of expenses thereto, the Court will not entertain a future request for expenses with respect to that motion. (See generally Resp't Notice of Aff. Supp. Award Fees & Costs Pursuant to Ind. Trial Rule 37(A)(4), Oct. 20, 2014.)

> was substantially justified or that other circumstances make an award of expenses unjust.
>
> If [a] motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

Ind. Trial Rule 37(A)(4) (emphases added). Accordingly, when a discovery enforcement motion, like a motion to compel, is granted or denied, a presumption arises that the Court will order the reimbursement of the prevailing party's reasonable expenses. See Penn Cent. Corp. v. Buchanan, 712 N.E.2d 508, 511 (Ind. Ct. App. 1999), trans. denied; Georgetown Steel Corp. v. Chaffee, 519 N.E.2d 574, 576 (Ind. Ct. App. 1988), trans. denied. The award of expenses is mandatory unless the losing party either demonstrates that he was substantially justified in making or opposing the motion or shows that other circumstances make an award of expenses unjust. Penn Cent., 712 N.E.2d at 511. "A person is 'substantially justified' in seeking to compel or in resisting discovery, for purposes of avoiding the sanctions provided by Trial Rule 37(A)(4), if reasonable persons could conclude that a genuine issue existed as to whether a person was bound to comply with or entitled to the requested discovery." Ledden v. Kuzma, 858 N.E.2d 186, 189 (Ind. Ct. App. 2006) (citation omitted).

**ANALYSIS AND DISCUSSION**

The issue before the Court is whether Popovich is entitled to a reimbursement of expenses incurred in successfully prosecuting his first motion to compel. The resolution of this issue depends on the answers to the following questions: 1) whether the Department's conduct in opposing Popovich's discovery requests was substantially justified, and 2) whether Popovich's request for expenses in the amount of $51,210.29

4

is reasonable.[3]

**(1)**

The Department claims that it was substantially justified in opposing Popovich's discovery requests because its objections, particularly those involving relevance, the deliberative process privilege, and the general bar against probing the mental processes of administrative decision-makers, were supported by citations to authority and cogent argument. (See Resp't Notice of Aff. Supp. Award Fees & Costs Pursuant to Ind. Trial Rule 37(A)(4), Oct. 20, 2014.) (See also Resp't Br. Resp. Pet'r Mot. Trial Rule 37 Sanctions, Including J. & Fees ("Resp't Br.") at 9-11, May 5, 2014; Expenses Hr'g Tr. at 27-31, Oct. 22, 2014.) Moreover, the Department claims that while it "[c]ertainly . . . may have made [some of] its objections with a broad brush," its lack of specificity was substantially justified because "it is a common practice in discovery for parties to make . . . [certain] objections [] broadly[.]" (See Expenses Hr'g Tr. at 31.)

Popovich, on the other hand, asserts that the Court's analysis in Popovich I "leaves no doubt that [the Department's] noncompliance was not justified" because the Department's claims were not supported by any substantial rationale. (See Expenses Hr'g Tr. at 7-9; Pet'r Br. Supp. Award Expenses Re His First Mot. Compel & Resp't Mot. Protective Order & Opp'n Award Expenses Resp't Re His Second Mot. Compel ("Pet'r Br.") at 4-8, Oct. 15, 2014.) Popovich asserts that this is especially true with respect to the Department's deliberative process privilege objection because "the Department [merely] tried to convince everyone that such a privilege already existed . . . [in Indiana

---

[3] The Court will not separately address whether other circumstances would make an award of expenses unjust because the Department's arguments on that issue are virtually the same as its substantial justification arguments. (Compare Expenses Hr'g Tr. at 27-31 with 40-42, Oct. 22, 2014.)

and] did not . . . even attempt to [provide any] . . . rationale to establish that such a privilege [should] be judicially recognized and established [in this state]." (See Expenses Hr'g Tr. at 7, 15-16.)

At the outset, the mere fact that the Court rejected the Department's objections regarding relevance, the deliberative process privilege, and the general bar against probing the mental processes of administrative decision-makers in Popovich I does not necessarily mean that the Department either failed to support its positions with rationale or that it raised baseless objections. See, e.g., Munsell v. Hambright, 776 N.E.2d 1272, 1278 (Ind. Ct. App. 2002) (finding a litigant was not substantially justified in making discovery requests that directly conflicted with several statutory requirements), trans. denied. Indeed, the Department's written submissions and oral arguments reveal that it supported its positions regarding those three objections by citing both binding and persuasive authority as well as by providing its own reasoning. (See generally, e.g., Resp't Resp. Opp'n Mot. Compel at 7-12, Dec. 7, 2011; Resp't Resp. Item No. 2.) A reasonable person could have concluded, therefore, that a genuine issue existed regarding whether the Department was bound to comply with Popovich's discovery requests. See Penn Cent., 712 N.E.2d at 512 (stating that "'the presence of a general dispute over a legal issue ordinarily indicates that the losing party on the motion is 'substantially justified' in his opposition'" (citation omitted)). Accordingly, the Department was substantially justified in opposing Popovich's first motion to compel based on those three objections.[4]

The Department's opposition to Popovich's discovery requests based on the

---

[4] This finding, however, does not indicate tacit approval of the Department's presentation of its deliberative process privilege claim. See infra pp. 8-9.

work-product and attorney-client privileges as well as its other blanket objections, however, presents entirely different circumstances. As explained in Popovich I, it is well established that Indiana courts disfavor blanket claims of privilege and blanket objections. See Popovich I, 7 N.E.3d at 418-19. Thus, even if practitioners commonly respond to discovery requests by raising blanket objections, that common practice cannot satisfy the substantial justification requirement of Indiana Trial Rule 37(A)(4). Indeed, a litigant's failure to articulate the specific reasons for resisting discovery provides no basis for a reasonable person to conclude that there was a genuine issue whether the litigant must comply with it opponent's discovery requests. See Brown v. Katz, 868 N.E.2d 1159, 1167 (Ind. Ct. App. 2007) (explaining that validating a litigant's failure to explain its objections to discovery requests frustrates the whole discovery process and may allow vital information to be swept under the rug). Consequently, the Department was not substantially justified in opposing Popovich's discovery requests by raising blanket objections.

**(2)**

The Department further claims that Popovich's request of $51,210.29 for expenses for successfully prosecuting his first motion to compel is unreasonable because that amount does not adequately account for the Department's partial success in defending against Popovich's first motion to compel and it does not encompass the proper time frame for calculating expenses. (See Expenses Hr'g Tr. at 32-33, 35-37.) In addition, the Department claims that Popovich seeks reimbursement for expenses that were incurred for another case. (See Expenses Hr'g Tr. at 33-35.)

**The Department's Successes**

The Department explains that Popovich's request is unreasonable because his first motion to compel primarily concerned the applicability of the deliberative process privilege, which the Department "viewed as being part of the general bar against probing the mental processes" of administrative decision-makers. (See Expenses Hr'g Tr. at 35.) The Department further explains that Popovich's expense request should be denied because it successfully established that the general bar existed in Indiana and that it "implicitly applied to the Department's hearing officers[.]" (See Expenses Hr'g Tr. at 35-36.) Moreover, the Department maintains that its general bar argument ultimately failed only because the Court "narrowly construed Popovich's discovery requests so as not to offend" that discovery rule. (See Expenses Hr'g Tr. at 35.)

The Department has read entirely too much into Popovich I. Specifically, the question of the existence of the general bar, unlike that of whether Indiana recognized a deliberative process privilege for discovery,[5] simply was not at issue in Popovich I because the Indiana Supreme Court had already determined that the general bar existed. See Popovich I, 7 N.E.3d at 417. As a matter of fact, throughout this Court's proceedings the Department has used inconsistent terminology in describing the deliberative process privilege and has consistently ignored all legitimate queries regarding its applicability to Indiana's discovery process. (See, e.g., Pet'r Mot. Compel, Ex. B at 3 (questioning the contours of the Department's purported discovery privilege about six months before the hearing on Popovich's first motion to compel); Hr'g Tr. at

---

[5] This Court's decision in Popovich I was cited with approval in finding that Indiana does not recognize a deliberative process privilege for purposes of discovery. See Valbruna Slater Steel Corp. v. Joslyn Mfg. Co., L.L.C., Cause No. 1:15-mc-39-SEB-DKL, 2015 WL 6695510, at *6-8 (S.D. Ind. Nov. 3, 2015).

120-22 (where the Department explains its "concern is, you know, not the name of this protection, but the concern is the content"), Mar. 1, 2012.) The Department's unfaltering inattention to precision in claiming the protection of a privilege or some other objection complicated the Court's review of the matter, prolonged the resolution of the issue, and appeared discourteous to the Court and opposing counsel. Contrary to the Department's claim, therefore, its attempt to claim successes where there were none does not establish that Popovich's request for expenses is unreasonable.

**The Time Frame**

Next, the Department explains that Popovich's request for expenses is unreasonable because he seeks to be reimbursed for expenses that were incurred in July of 2011, approximately four months before he filed his first motion to compel. (See Expenses Hr'g Tr. at 32-33.) The Department also maintains that it is improper for Popovich to ask to be reimbursed for expenses incurred during the period in which the Department sought to stay discovery. (See Expenses Hr'g Tr. at 34-35.)

The Court of Appeals has acknowledged that there is scant authority regarding the "precise time span for which a successful party can collect expenses pursuant to Rule 37(A)(4)." See M.S. ex rel. Newman v. K.R., 871 N.E.2d 303, 313 (Ind. Ct. App. 2007), trans. denied. Nevertheless, the Court of Appeals' holding that the language of Trial Rule 37(A)(4) that "allows a successful party to obtain reasonable expenses incurred while staving off the other party's discovery demands" is instructive and equally applicable here. Id. at 313. Accordingly, Popovich's reimbursement period began on July 8, 2011 (i.e., the day the Department responded to his first discovery requests) and ended on October 22, 2014 (i.e., the day of the hearing on Popovich's request for

9

expenses).  Popovich's evidence (i.e., two affidavits, a time summary, and a listing of costs) demonstrates that he seeks to be reimbursed for expenses that were incurred between July 18, 2011 and March 30, 2012, during which time Popovich's attorney attempted to ensure that Popovich obtained the requested discovery from the Department.  (See generally, e.g., Pet'r Br., Ex. B at Ex. 1.)  For example, Popovich's attorney 1) reviewed and analyzed the Department's discovery responses; 2) attempted to resolve the matter informally; 3) drafted Popovich's first motion to compel; and 4) drafted two briefs in opposition to the Department's motion to stay discovery.  (See generally Pet'r Br., Ex. B at Ex. 1; Pet'r Resp. Opp'n Resp't Mot. Stay Discovery Pending Court's Decision on Pet'r [First] Mot. Compel, Jan. 17, 2012.)  See also T.R. 37(a)(4) (providing that a litigant can recoup "the reasonable expenses incurred in obtaining [a discovery enforcement] order, including attorney's fees").  Consequently, the Department has not established that Popovich's request for expenses is unreasonable based on the time frame for which he seeks reimbursement.

**The Other Case**

Finally, the Department explains that Popovich's request for expenses is unreasonable because several of the entries on his attorney's time summary involved work for an entirely different client and case.  (See Expenses Hr'g Tr. at 32-35 (citing Pet'r Br., Ex. B at Ex. 1 at 8).)  Popovich admits that the time summary contains entries for another case, but claims the inclusion is proper because the issue in the other case dealt with one of the same issues in Popovich I – i.e., whether Indiana recognized a deliberative process privilege that applied to the discovery process.  (See Expenses Hr'g Tr. at 51.)  The Court disagrees.  This admission that the time summary contains

10

entries for another client reduces its credibility, but does not negate it entirely. Accordingly, the Court finds that Popovich's request for expenses in the full amount of $51,210.29 is unreasonable.

## CONCLUSION

In determining what constitutes a reasonable amount of expenses, the Court has considered the credibility of Popovich's evidence, the relative success of Popovich in filing his first motion to compel, and the relative success of the Department's substantial justification arguments. Moreover, the Court has considered the conduct that unnecessarily prolonged the entire discovery process and consumed far too much of this Court's valuable time. For instance, the Department raised hundreds of blanket objections over several months and was not forthright in presenting its deliberative process privilege arguments. As to Popovich, his failure to promptly address the Department's objections regarding the production of certain tax returns unnecessarily put that matter at issue in Popovich I. See, e.g., Popovich I, 7 N.E.3d at 412 n.5. In fact, this will be the fifth written decision regarding some aspect of the parties' battle for information and not the merits of the case.

Having considered and weighed all relevant factors, the Court finds that the Department must pay Popovich for his reasonably incurred expenses. See Noble Cnty v. Rogers, 745 N.E.2d 194, 197-98 (Ind. 2001); State v. Kuespert, 411 N.E.2d 435, 438-39 (Ind. Ct. App. 1980) (both recognizing that a court may issue monetary sanctions against the State for discovery violations). See also, e.g., Hatfield v. Edward J. DeBartolo Corp., 676 N.E.2d 395, 399 (Ind. Ct. App. 1997) (providing that this Court, like any other court that initially resolves discovery disputes, has broad discretion in

11

ruling on those matters, including the appropriate sanctions for misuse of the discovery process), <u>trans. denied</u>. Accordingly, the Court orders the Department to pay Popovich $24,963.00 for expenses.

SO ORDERED this 7th day of March 2016.

Martha Blood Wentworth, Judge
Indiana Tax Court

DISTRIBUTION: James K. Gilday, John P. Lowrey