ATTORNEYS FOR PETITIONER:
**FRANCINA A. DLOUHY**
**J. DANIEL OGREN**
FAEGRE BAKER DANIELS LLP
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**JESSICA R. GASTINEAU**
**WINSTON LIN**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

**THEODORE R. BOTS**
**SCOTT L. BRANDMAN**
**JENNY A. AUSTIN**
BAKER & McKENZIE LLP
New York, NY



FILED

Nov 28 2016, 12:14 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| THE UNIVERSITY OF PHOENIX, INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 49T10-1411-TA-00065 |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| STATE REVENUE, | ) |
| | ) |
| Respondent. | ) |

## ORDER ON RESPONDENT'S VERIFIED MOTION FOR PROTECTIVE ORDER

**FOR PUBLICATION**
**November 28, 2016**

WENTWORTH, J.

The University of Phoenix, Inc. ("UoPX") has appealed the Indiana Department of State Revenue's assessment of additional gross income tax and interest for the period ending on August 31, 2009, through and including August 31, 2011 (the "period at issue"). The matter is currently before the Court on the Department's Verified Motion for

Protective Order.  The Court denies the Department's Motion.

## FACTS AND PROCEDURAL HISTORY

On November 7, 2014, UoPX initiated an original tax appeal alleging that the Department's assessment of additional gross income tax and interest for the period at issue ran afoul of the sourcing provisions for service revenue under Indiana Code § 6-3-2-2.  More specifically, UoPX claimed that the Department erred in computing its alleged tax liability by sourcing some of its online tuition service revenue to Indiana based on a market or customer-based test despite the fact that Indiana Code § 6-3-2-2 required that the revenue be sourced based on the costs of performance test.

As the litigation continued, the parties cooperatively used a variety of discovery tools to develop their respective positions.  By October 21, 2016, however, the parties' cooperative efforts broke down and the Department filed a discovery enforcement motion that asked the Court to either bar or reschedule an October 28, 2016, subpoenaed deposition of the former Commissioner of the Indiana Department of State Revenue, Michael Alley.  Although the Court quashed the subpoena, it advised the parties that UoPX could depose Mr. Alley at a later date.

On November 1, 2016, UoPX sent a second subpoena to Mr. Alley, requesting that he appear for a deposition on November 29, 2016.  UoPX sought to depose Mr. Alley on the following topics (which are referred to hereafter as the "deposition topics"):

1) the Tax Competitiveness and Simplification Report of September 2014 (the "Report"), Mr. Alley's September 29, 2014, presentation on the Report, and Section 14 of House Bill 1349;

2) the Department's "position and interpretation of Indiana's 'costs-of-performance' sourcing regime generally and how it should be applied to UoPX specifically[;]"

3) "the Department's involvement in the studies and reports, and specifically the Department's views, comments and approval of the statements describing Indiana's 'cost[s] of performance' sourcing regime pursuant to [Indiana Code] § 6-3-2-2(f)[;]" and

4) "the Department's involvement in the studies and reports, and specifically the Department[']s views, comments and approval of the statements regarding the replacement of Indiana's 'cost[s] of performance' sourcing with market or customer based sourcing."

(See Pet'r Resp. Resp't V. Mot. Protective Order ("Pet'r Resp. Resp't V. Mot.") ¶¶ 3, 11 (referring to Pet'r Resp. Resp't V. Mot. Protective Order or Alternative Quash Dep. But Allow Extension Of Time To Take Deps. ("Pet'r Resp.") ¶¶ 9-11).) On November 10, 2016, the Department responded with its Verified Motion for Protective Order, asserting that a protective order must be issued to protect Mr. Alley from a "burdensome and oppressive" deposition. (See Resp't V. Mot. Protective Order ("Resp't V. Mot.") ¶¶ 10-11.) On November 18, 2016, UoPX filed its response and on November 22, 2016, the Department filed its reply consistent with the Court's expedited briefing schedule. Additional facts will be supplied as necessary.

## LAW

Discovery, the process by which litigants ascertain the existence of material facts previously unknown, is designed to allow a liberal exchange of information essential to litigate all relevant issues and to promote settlement. Popovich v. Indiana Dep't of State Revenue, 7 N.E.3d 406, 411 (Ind. Tax Ct. 2014). "[T]oday's pretrial discovery procedures are intended to 'make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" Id. (quoting Whitaker v. Becker, 960 N.E.2d 111, 115 (Ind. 2012)).

"Discovery is designed to be self-executing with little, if any, supervision of the

3

court." Trost-Steffen v. Steffen, 772 N.E.2d 500, 512 (Ind. Ct. App. 2002), trans. denied. In the event the discovery process breaks down or is inadequate, however, Indiana's trial rules provide that the parties may request court intervention to resolve their disputes. Specifically, Indiana Trial Rule 26(C) states that "[u]pon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Ind. Trial Rule 26(C).

## ANALYSIS

The Department has asked the Court to issue a protective order for the November 29, 2016, deposition of Mr. Alley and quash the related subpoena pursuant to Indiana Trial Rule 26(C). The Department claims that the protective order will shield Mr. Alley from annoyance, oppression, and the undue burden and expense of the deposition because UoPX seeks information not relevant to the issues in this case. (See Resp't V. Mot. ¶¶ 7, 10; Resp't Reply Supp. V. Mot. Protective Order ("Resp't Reply") ¶¶ 1, 7.) The Department also claims a protective order is warranted because UoPX has already deposed three other competent witnesses,[1] obtained testimony on the deposition topics, and admitted it would not question Mr. Alley about the actual issues in this case. (See Resp't V. Mot. ¶¶ 9-10; Resp't Reply ¶¶ 1, 3-5.) Moreover, the Department claims that the issuance of a protective order will signal to UoPX that the Court does not condone its insinuation that Mr. Alley's status as a retiree makes him

---

[1] In late October of 2016, UoPX deposed 1) Steven Chang, the Department's auditor that conducted UoPx's audit, 2) Mandi Shawarira, Mr. Chang's supervisor and "the [Department's] Deputy Director of Enforcement, in charge of out-of-state auditors generally[,]" and 3) LuAnn Pelsor, "the [Department's] Technical Manager for the Enforcement Division [who] oversees the Audit Review and Computer Audit Team." (Resp't V. Mot. Protective Order ¶¶ 2-3.)

4

readily available for depositions because "[s]ubpoenas should not be frivolously served on high-ranking officials[.]"  (Resp't V. Mot. ¶ 10.)  (See also Resp't Reply ¶ 6.)

"'[R]elevancy for purposes of discovery is not the same as relevancy at trial; a document [or testimony] is relevant to discovery if there is the possibility that the information sought may be relevant to the subject[-]matter of the action.'"  Popovich, 7 N.E.3d at 413 (citation omitted).  UoPx's petition indicates that one of the issues in this case is whether, with respect to sourcing UoPX's online tuition service revenue during the period at issue, Indiana Code § 6-3-2-2 allowed for the use of a market or customer-based sourcing test or mandated the use of the costs of performance test alone.  (See Pet'r Original Tax Appeal Pet. Set Aside Final Determination Ind. Dep't State Revenue & Pet. Enjoin Collection of Tax ¶¶ 45-120.)  While Mr. Alley was not the Commissioner during the period at issue, his September 29, 2014, presentation on the Report, the Report itself, and House Bill 1349 contain information on both tests.  (See, e.g., Pet'r Resp. ¶¶ 7-8, Ex. A at 38-39, Ex. B at 5; Pet'r Resp. Resp't V. Mot. ¶ 11 (referring to Pet'r Mot. Compel Resps. Discovery Reqs. ("Pet'r Mot. Compel") ¶ 5).)  The deposition topics, therefore, are relevant to the subject-matter in this case for purposes of discovery.[2]

Moreover, it is reasonable to assume that Mr. Alley, given his unique status as the former Commissioner, could provide additional information on the identified deposition topics.  Indeed, the documentation before the Court indicates that additional, rather than redundant, information on the deposition topics could be elicited from Mr.

---

[2]  This, however, does not mean that any information Mr. Alley provides will automatically be admissible at trial.  See, e.g., Popovich v. Indiana Dep't of State Revenue, 7 N.E.3d 406, 413 (Ind. Tax Ct. 2014) (stating that the test for relevancy during the discovery process and at trial differs).

Alley because the Department's witnesses provided little information on the deposition topics. (See Resp't Reply ¶¶ 3-4; Pet'r Mot. Compel ¶ 51.) Finally, although Indiana caselaw recognizes that high-ranking government officials "'should not ordinarily be compelled to testify unless it has been established that the testimony to be elicited is necessary and relevant and unavailable from a lesser ranking officer[,]'" <u>Hunt v. State</u>, 546 N.E.2d 1249, 1252 (Ind. Ct. App. 1989) (citation omitted), <u>trans. denied</u>, Mr. Alley is no longer at the helm of the Department's ship as was the high-ranking official in <u>Hunt</u>. For these reasons, the Department is not entitled to the protective order that it seeks on behalf of Mr. Alley.

## CONCLUSION

"Given that the scope of discovery is broad and highly dependent on the facts of each case, the Court must exercise discretion in determining what discovery is necessary and what is vexatious." <u>Popovich</u>, 7 N.E.3d at 413 (citations omitted). The Court does not find UoPX's request to depose Mr. Alley vexatious. Accordingly, the Department's Motion is DENIED. Consistent with the requirements of Indiana Trial Rule 37(A)(4), the Court will schedule a hearing regarding the propriety of an award of expenses by separate cover.

SO ORDERED this 28th day of November 2016.

_____
Martha Blood Wentworth
Judge, Indiana Tax Court

Distribution: Francina A. Dlouhy, J. Daniel Ogren, Theodore R. Bots, Scott L. Brandman, Jenny A. Austin, Jessica R. Gastineau, Winston Lin.

6