ATTORNEYS FOR PETITIONER:
**RANDAL J. KALTENMARK**
**ZIAADDIN MOLLABASHY**
BARNES & THORNBURG LLP
Indianapolis, IN

**THEODORE R. BOTS**
**JENNY A. AUSTIN**
BAKER & McKENZIE LLP
Chicago, IL

**SCOTT L. BRANDMAN**
BAKER & McKENZIE LLP
New York, NY

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**JESSICA R. GASTINEAU**
**WINSTON LIN**
**PARVINDER K. NIJJAR**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN



FILED
Feb 16 2017, 11:38 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

THE UNIVERSITY OF PHOENIX, INC., )
                                  )
    Petitioner, )
                                  )
         v. )   Cause No. 49T10-1411-TA-00065
                                  )
INDIANA DEPARTMENT OF )
STATE REVENUE, )
                                  )
    Respondent. )

## ORDER ON PETITIONER AND RESPONDENT'S REQUESTS
## FOR EXPENSES PURSUANT TO INDIANA TRIAL RULE 37(A)(4)

**FOR PUBLICATION**
**February 16, 2017**

WENTWORTH, J.

After having successfully defended against and prosecuted discovery enforcement motions either in whole or in part, both the University of Phoenix, Inc. and the Indiana Department of State Revenue claim that an award of expenses pursuant to

Indiana Trial Rule 37(A)(4) is warranted.  The Court agrees.

## BACKGROUND[1]

The events giving rise to the filing of the Department's first discovery enforcement motion may be traced back to October 13, 2016:  the day the University issued a non-party subpoena to the former Commissioner of the Indiana Department of State Revenue directing him to appear for a deposition.   Shortly thereafter, the Department moved for a protective order explaining that information on Section 14 of House Bill 1349, the September 2014 Tax Competitiveness and Simplification Report, and a presentation on the Report (collectively, the "deposition topics") was not relevant and was most likely obtainable from "lesser-ranking officials[.]"  (See Pet'r Br. Supp. Award Expenses Pursuant To Ind. Trial Rule 37(A)(4) For Its Resp. To Resp't Mots. For Protective Order & Mot. To Compel ("Pet'r Br."), Ex. E at 2-5 ¶¶ 3-21.)  On October 27, 2016, the Court denied the Department's motion for protective order, quashed the subpoena, and advised the parties that the University could depose the former Commissioner at a later date.  (See Pet'r Br., Ex. A.)

In the meantime, the University deposed the Department's three Trial Rule 30(B)(6) witnesses who provided scant information on the deposition topics.  As a result, the University issued a second subpoena to the former Commissioner on November 1, 2016.  Just over a week later, the Department filed its second motion for a protective order that, in addition to restating its prior arguments, explained that the

---

[1]  The Court has discussed the facts and procedural history regarding the parties' discovery disputes on two other occasions.  See University of Phoenix, Inc. v. Indiana Dep't of State Revenue, 64 N.E.3d 1271, 1272 (Ind. Tax Ct. 2016); University of Phoenix, Inc. v. Indiana Dep't of State Revenue, Cause No. 49T10-1411-TA-00065, 2017 WL 475839, at *1-3 (Ind. Tax Ct. Feb. 6, 2017).  Consequently, it will only provide an abbreviated version of both for purposes of this matter.

University "had unfettered access to [the Department's] three extremely qualified [30(B)(6)] witnesses" to discuss the "irrelevant" deposition topics, and therefore, the Court should end the University's "fishing expedition." (See Pet'r Br., Ex. D ¶ 7.) On November 28, 2016, the Court denied the Department's second motion for protective order. University of Phoenix, Inc. v. Indiana Dep't of State Revenue, 64 N.E.3d 1271, 1274 (Ind. Tax Ct. 2016).

By that time, however, the University had filed its own discovery enforcement motion that sought to compel the Department to produce documents regarding the deposition topics and to designate a proper 30(B)(6) witness. The Court subsequently granted in part and denied in part the University's motion to compel. University of Phoenix, Inc. v. Indiana Dep't of State Revenue, Cause No. 49T10-1411-TA-00065, 2017 WL 475839, at *6 (Ind. Tax Ct. Feb. 6, 2017).

On January 17, 2017, the Court conducted an evidentiary hearing on the parties' requests for expenses as required by Trial Rule 37(A)(4). The University submitted two affidavits that provided its expenses totaled $159,446.40. (See generally Pet'r Br., Exs. C, F.) In turn, the Department's affidavit stated that its expenses totaled $12,900.00. (See generally Resp't Aff. Supp. Award Expenses.) Additional facts will be supplied as necessary.

**LAW**

Indiana Trial Rule 37(A)(4) states that when a court grants or denies a discovery enforcement motion, it shall require the party whose conduct necessitated the motion

> or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to[ or the making of] the motion was

3

> substantially justified or that other circumstances make an award of expenses unjust.

Ind. Trial Rule 37(A)(4). Accordingly, when discovery enforcement motions, like those at issue here, are granted or denied, a presumption arises that the Court will order the reimbursement of the prevailing party's reasonable expenses. Popovich v. Indiana Dep't of State Revenue, 50 N.E.3d 407, 411 (Ind. Tax Ct. 2016). "The award of expenses is mandatory unless the losing party either demonstrates that he was substantially justified in making or opposing the motion or shows that other circumstances make an award of expenses unjust." Id. (citation omitted). "A person is 'substantially justified' in seeking to compel or in resisting discovery, for purposes of avoiding the sanctions provided by Trial Rule 37(A)(4), if reasonable persons could conclude that a genuine issue existed as to whether a person was bound to comply with or entitled to the requested discovery." Ledden v. Kuzma, 858 N.E.2d 186, 189 (Ind. Ct. App. 2006) (citation omitted).

**ANALYSIS AND DISCUSSION**

The issue before the Court is whether the University and the Department are entitled to reimbursements of expenses for successfully resisting their opponent's, or prosecuting their own, discovery enforcement motions either in whole or in part. As the plain language of Trial Rule 37(A)(4) indicates, questions regarding the substantial justification of parties, circumstances attendant to the discovery dispute, or the reasonableness of an expense request may effect a party's entitlement to a reimbursement of expenses. See T.R. 37(A)(4). The parties' arguments in this case, however, only require the Court to examine the following: 1) whether the Department was substantially justified in filing its two motions for protective order; 2) whether the

4

University was substantially justified in filing its motion to compel; and 3) whether the University's request for $159,446.40 in expenses is reasonable.

**(1)**

The Department argues that any reasonable person could determine that it was substantially justified in filing its motions for protective order by "[l]ooking at the results obtained[.]" (See Hr'g Tr. at 91.) More specifically, the Department explains that because the Court granted the alternative request for relief in its first motion for protective order by quashing the subpoena and rescheduling the deposition, the Court implicitly approved of its plan to resolve the matter informally. (See Hr'g Tr. at 92, 98.) The Department, therefore, claims that the filing of its second motion to compel naturally resulted from the failure of its attempt at informal resolution. (See Hr'g Tr. at 98.)

The Department's first motion for protective order challenged the University's request to depose a non-party based on theories of relevance and the deponent's status as a former commissioner. (See generally Pet'r Br., Ex. E.) The Department's motion cites persuasive authority and provides its own reasoning as support for its position. (See generally Pet'r Br., Ex. E.) This Court previously explained that "'the presence of a general dispute over a legal issue ordinarily indicates that the losing party on the motion is 'substantially justified' in [its] opposition[.]'" Popovich, 50 N.E.3d at 412 (citation omitted). Thus, a reasonable person could have concluded that a genuine issue existed regarding whether the Department was bound to comply with the University's request to depose the former Commissioner. Consequently, the Court finds that the Department was substantially justified in filing its first motion for protective order.

This finding, however, does not carry forward to the Department's filing of its second motion for protective order given the proffered rationale. More specifically, in attempting to preclude the former Commissioner's deposition a second time, the Department simply restated the legal arguments in its first motion and referenced three tangential 30(B)(6) depositions. (See generally Pet'r Br., Ex. D.) By that point, the infirmity of the Department's original arguments should have been apparent because the Court had denied the first motion for protective order motion less than two weeks before and established a period for the former Commissioner's deposition. A reasonable person, therefore, could not conclude that a genuine issue regarding the need to comply with the deposition existed when the Department filed its second motion for protective order given these particular circumstances. Accordingly, the Court finds that the Department was not substantially justified in filing its second motion for protective order.

**(2)**

The University contends that it was substantially justified in filing its motion to compel the Department to produce documentation regarding the deposition topics and to designate a proper 30(B)(6) witness because the Court had already determined that information on those subjects was relevant to the issues in the case. (See, e.g., Hr'g Tr. at 85-86; Pet'r Br. ¶¶ 56-59.) The Court disagrees.

As explained in its February 6, 2017 order that primarily denied the University's motion to compel, the University's attempt to give universal effect to a discovery ruling on a distinct issue was flawed, and its failure to reassess its discovery requests in the face of the changed circumstances (i.e., the results obtained by deposing the former

6

Commissioner) was fatal. Accordingly, a reasonable person could not conclude that a genuine issue existed regarding whether the University was entitled to its requested discovery given all the circumstances related to the filing of the University's motion to compel. Consequently, the Court finds that the University was not substantially justified in filing its motion to compel despite its partial victory (i.e., the Court having compelled the production of an admittedly withheld document).

**(3)**

The University's request for a reimbursement of expenses totaling $159,446.40 consists of three components: 1) $8,780.85 for successfully resisting the Department's first motion for protective order, 2) $15,631.35 for successfully defending against the Department's second motion for protective order, and 3) $135,034.20 for successfully prosecuting its motion to compel in part.[2] (See Pet'r Br. ¶¶ 26, 31, 40.) The University claims that its total request for expenses is reasonable given: 1) the Department's lack of substantial justification; 2) the skill levels of its attorneys; 3) the "great" amount of time devoted to the discovery disputes; 4) the "magnitude" of the main issue (i.e., the method for sourcing online tuition revenue); and 5) its own overall successes. (See Pet'r Br. ¶¶ 25-30, 35-39, 49-55.) (See also Pet'r Resp. Resp't Fee Pet. & Reply Supp. Pet'r Fee Pet. ¶¶12-13, 19-25, 48-51.)

The Department, on the other hand, asserts that its own successes and the University's statement regarding the similarity of the Department's first and second motions for protective order illustrate that the University's total request for reimbursement is unreasonable. (See Hr'g Tr. at 92-94.) (See also, e.g., Hr'g Tr. at 81-

---

[2] The third component of the University's request for reimbursement was presented to the Court before it ruled on the University's motion to compel.

83.) The Department also claims that because the Court formerly limited reasonable attorney's fees to $200.00 per hour in litigating comparable matters, the University's unsupported request for attorney's fees for more than that rate leaves little doubt that the amount the University seeks is excessive, unjust, and unsupported. (See Hr'g Tr. at 94-96; Resp't Resp. Br. Pet'r Req. Award Fees at 5-6.) (See also Resp't Aff. Supp. Award Expenses ¶ 4 (citing Popovich v. Indiana Dep't of State Revenue, 50 N.E.3d 415, 418 (Ind. Tax Ct. 2016)).)

Although the Court previously limited attorney's fees incurred in litigating similar discovery matters, the Court did not hold that limitation was to be a universally reasonable amount. Here, the University is not entitled to a reimbursement of expenses for resisting the Department's first motion for protective order because the Department was substantially justified in filing the motion. The University also failed to qualify to be reimbursed for its expenses with respect to its motion to compel because it did not show substantial justification for filing that motion despite its minor victory. In addition, the Court finds the University's request for an award of $15,631.35 for resisting the Department's second motion for protective order is not reasonable for three reasons. First, much of University's preparation in responding to the second motion should already have been done in responding to the first motion because the University expressly acknowledged the similarity between the Department's two motions for protective order. Second, the time expended in reviewing the testimony of the 30(B)(6) witnesses and preparing a response to the second motion's one new argument should have been minimal given that the 30(B)(6) depositions occurred less than two-weeks before the filing of the motion. Lastly, the particular discovery issues presented in the

8

second motion should not have required additional preparation time because they were not complex.

## CONCLUSION

The Court, having considered the requirements of Trial Rule 37(A)(4) and the parties' evidence, arguments, and levels of non-cooperation, awards the University a reimbursement for its expenses in the amount of $9,850.50 for successfully resisting the Department's second motion for protective order.  See Shelby's Landing-II, Inc. v. PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship, 65 N.E.3d 1103, 1112 (Ind. Ct. App. 2016) (indicating that the Court may consider several factors in assessing a reasonable fee, including the judge's own personal expertise, the responsibility of the parties in incurring the fees, and the hours worked or rates charged).  In addition, the Court awards the Department $12,900.00 to reimburse its expenses for successfully resisting the University's motion to compel.

SO ORDERED this 16th day of February 2017.

Martha Blood Wentworth
Judge, Indiana Tax Court

Distribution:  Randal J. Kaltenmark, Ziaaddin Mollabashy, Theodore R. Bots, Jenny A. Austin, Scott L. Brandman, Jessica R. Gastineau, Winston Lin, Parvinder K. Nijjar.